[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10233
Non-Argument Calendar
_____

Agency No. A077-921-969

YAU LI LU,
a.k.a. You Li Lu,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 25, 2013)

Before MARCUS, KRAVITCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Yau Li Lu, a native and citizen of China, seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his second motion to reopen his removal proceedings. In July 2000, the IJ in Miami, Florida ordered Lu removed *in absentia*. In December 2000, Lu submitted a *pro se* motion to reopen removal proceedings, indicating that his attorney, J.M., had failed to file a motion for a change of venue to New York where Lu was living because a paralegal drafted the motion to change venue in another client's name -- "Rui Yun Lu" -- instead of Lu's name. The IJ denied the motion to reopen in February 2001.

In July 2009, Lu submitted, through new counsel, a second motion to reopen, asserting exceptional circumstances involving his prior counsel's ineffective assistance that justified reopening his proceedings. Lu alleged that, after moving from Florida to New York, he retained J.M., who promised to file a motion to change venue and an asylum application. Before his scheduled hearing, Lu contacted J.M.'s office and was informed that the motion had been filed, the July 2000 proceedings would be cancelled, and Lu did not need to appear in Miami. Lu contacted J.M. again in September 2000, and went to J.M.'s office in December 2000. An employee checked on his case and eventually requested that Lu pay additional money and sign a blank piece of paper, which Lu alleged was used to file the December 2000 motion to reopen. Lu continued to contact J.M. on

2

the status of his case but was told to continue waiting.   Lu further alleged that he later learned that J.M. had been disbarred, that Lu had been ordered removed *in absentia*, and that a motion to reopen had been denied in February 2001.  He attempted to obtain counsel, but no immigration attorney would take his case because he already had filed a motion to reopen and the 180-day time for filing had passed.

In addition to ineffective assistance of counsel, Lu argued in his second motion to reopen that newly discovered evidence showed his *prima facie* eligibility for asylum based on changed country conditions in China.  He alleged that, in 2008, he began practicing Falun Gong at the recommendation of his wife and that he attended Falun Gong demonstrations in New York.  He alleged that China became aware of his activities in the United States and notified his mother that he needed to stop his activities, return to China, and receive punishment.

The IJ denied Lu's second motion to reopen, finding that it lacked jurisdiction because the motion was numerically and time-barred.  In addition, the IJ found that Lu had not established changed country conditions.  In a February 2011 decision, the BIA affirmed, noting that the time to file a motion to reopen was mandatory and jurisdictional, and was not subject to equitable tolling even in cases of ineffective assistance of counsel.  Thus, Lu's untimely motion was subject to the mandatory and jurisdictional bar.  The BIA also declined to exercise its

discretionary *sua sponte* authority to reopen the proceedings because Lu did not provide a good explanation as to why he waited to file a motion to reopen and because the lack of diligence militated against reopening. Furthermore, the BIA found that Lu's evidence on changed country conditions did not show a reasonable likelihood of success on the merits.

Lu appealed to this Court, and we stated that the time for filing a motion to reopen an *in absentia* removal order was mandatory and jurisdictional. We held that, absent either changed country conditions or the BIA *sua sponte* reopening, Lu's petition was subject to the jurisdictional bar. Nevertheless, we further noted that, although the BIA recognized Lu's argument, it had failed to make findings regarding changed country conditions and had dismissed his appeal based on his failure to show a likelihood of success on the merits. We vacated the BIA's decision and remanded for a determination of whether Lu qualified for an exception based on changed country conditions. On remand, the BIA determined that Lu did not qualify for that exception and again dismissed his appeal. The BIA found that much of Lu's evidence related to changed personal conditions, and that the remaining evidence was not sufficient to show that the Chinese government had expanded its suppression of Falun Gong practitioners since the time of Lu's removal hearing.

4

Now on appeal, Lu asserts that he established changed country conditions, as he demonstrated that the conditions had deteriorated for Falun Gong practitioners in China since his July 2000 removal hearing.  He further asserts that the BIA mischaracterized the changed country conditions as only a change in his own personal circumstances.

In addition to responding to Lu's argument regarding changed country conditions, the government notes our recent *en banc* decision in *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357 (11th Cir. 2013), which overruled our prior panel precedent: precedent  holding that the time bar to filing a motion to reopen was jurisdictional.  Still, the government asserts that Lu would not be eligible for equitable tolling based on the BIA's prior finding in its February 2011 decision that it would not exercise its discretion to *sua sponte* reopen Lu's proceedings based on Lu's lack of due diligence in filing his motion to reopen.

When the BIA issues its own opinion, we review only the BIA's decision, except to the extent that it expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Because the BIA issued is own opinion without adopting the IJ's decision, we review the BIA's decision.  We review the BIA's denial of a motion to reopen for abuse of discretion.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).

When a party is ordered removed *in absentia*, the party must file a motion to reopen within 180 days of the removal order.  INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i).  In addition, a party may file only one motion to reopen.  INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A).  We earlier had determined that the 180-day limitation under former INA § 242B(c)(3)(A) for motions to reopen *in absentia* deportation orders was "mandatory and jurisdictional."  *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999); *see also Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005) (concluding that the 90-day time limit set forth in 8 C.F.R. § 1003.2(c)(2) for filing motions to reopen was mandatory and jurisdictional).

We, however, recently determined that the 90-day time limitation under § 1003.2(c)(2) for motions to reopen in cases not involving an *in absentia* removal order was not jurisdictional, but was a claim-processing rule that was subject to equitable tolling.  *Avila-Santoyo*, 713 F.3d at 1361-62.  We observed that the reasoning was equally applicable to the 180-day limitation for *in absentia* removal orders.  *Id.* at 1362 n.4.  With regard to equitable tolling, we noted that this tolling required a showing that the party had been pursuing his rights diligently and that some extraordinary circumstance "stood in his way."  *Id.* at 1363 n.5.  In *Avila-Santoyo*, we vacated the BIA's denial of reopening and remanded for the BIA to consider whether to grant equitable tolling.  *Id.* at 1365.

We also have written that the reasoning in *Avila-Santoyo*, supporting the conclusion that the time limitation was not jurisdictional, appeared to support the conclusion that the numerical limitation was not jurisdictional. *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 850 (11th Cir. 2013). Because the BIA had not addressed the numerical bar in that case, we remanded to the BIA to determine whether the numerical limitation was jurisdictional or a claim-processing rule, and whether the motion to reopen would be subject to equitable tolling if the numerical limitation was a claim-processing rule. *Id.* at 850-51.

In the light of our recent decisions and opinion in *Avila-Santoyo* and *Ruiz-Turcios*, we conclude that the BIA's conclusion that Lu's motion to reopen was jurisdictionally barred and could only be considered upon a showing of changed country conditions was erroneous. Thus, Lu's motion to reopen now may possibly be subject to equitable tolling based on his allegations of ineffective assistance of counsel. Although the BIA found in its February 2011 decision that Lu had not exercised due diligence in filing his motion, this determination is not dispositive because it was made in the different context of whether the BIA should use its *sua sponte* authority to reopen: a kind of order that we do not have jurisdiction to review. Furthermore, Lu did allege a legitimate factual basis that might be construed as exhibiting due diligence in pursuing his rights. He specifically claimed that he contacted his prior counsel numerous times, that no other attorney

7

would file a motion to reopen based on the understanding at the time that the time- and numerical bars were jurisdictional, and that only after he began to practice Falun Gong did another attorney file a motion to reopen, based in part on changed country conditions.  Based on this information, the BIA might determine that equitable tolling is appropriate.

Accordingly, we grant Lu's petition and remand to the BIA for a determination of whether to allow Lu equitable tolling.  Because we remand on this basis, we do not address Lu's arguments on appeal regarding changed country conditions.

**PETITION GRANTED.**