[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10566
Non-Argument Calendar
_____

Agency No. A031-427-914

CARLOS CARDENAS-GUERRERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 28, 2015)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Carlos Cardenas-Guerrero seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his motion to reopen removal proceedings, pursuant to the Immigration and Nationality Act (INA), 8 U.S.C. § 1229a(c)(7).  Cardenas-Guerrero asserts the BIA and IJ's denial of his motion to reopen his removal proceedings violated his due process rights because the IJ in the underlying deportation proceedings conducted the merits hearing without his counsel present and failed to advise him of his right to counsel.  Cardenas-Guerrero further contends the BIA abused its discretion by not exercising its ability to *sua sponte* reopen the deportation proceedings based on the deprivation of his due process rights during the deportation hearing.  After review,[1] we dismiss and deny the petition.

## I. DISCUSSION

### A.  *Equitable Tolling*

A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions.  8 U.S.C. § 1229a(c)(7)(C)(i).  The time bar for motions to reopen is not jurisdictional, and

---

[1] We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  Our review "is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings." *Id.* (internal citations omitted).  We review *de novo* whether we have subject matter jurisdiction to consider a petition for review. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).

2

thus equitable tolling may be available. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362-65 (11th Cir. 2013) (en banc). Because Cardenas-Guerrero did not file his motion to reopen for more than 24 years his motion was untimely and he needed to satisfy the equitable tolling requirements.

The BIA did not abuse its discretion by affirming the IJ's denial of Cardenas-Guerrero's motion to reopen. The BIA did not exercise its discretion in an arbitrary or capricious manner because it reasonably concluded from the evidence that Cardenas-Guerrero did not exercise due diligence in pursuing his rights. *See Avila-Santoyo*, 713 F.3d at 1363 n.5 (stating to establish eligibility for equitable tolling, a litigant must show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way). According to Cardenas-Guerrero's declaration, he sought documentation from his former attorney in late 1988 that could confirm his case had been resolved favorably, but received none. There is no evidence that Cardenas-Guerrero did anything after that point to follow up or to try to obtain the status of his case from immigration authorities. Consequently, the BIA was within its discretion to conclude that Cardenas-Guerrero failed to show the requisite diligence. Because Cardenas-Guerrero did not make the threshold showing that he was entitled to equitable tolling, we need not consider the merits of his motion to reopen pursuant to an ineffective assistance of counsel claim. *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717

3

F.3d 847, 851 (11th Cir. 2013) (explaining the eligibility for equitable tolling is a threshold showing that must be made before the merits of the claim underlying a motion to reopen can be considered).

## B.  Sua Sponte Reopening

We lack jurisdiction to review the BIA's denial of a motion to reopen based on the BIA's *sua sponte* authority because the regulation permitting *sua sponte* reopening provides no meaningful standard against which to judge the BIA's exercise of its discretion.  *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008).  As we explained in *Lenis*, no statute expressly authorizes *sua sponte* reopening, and instead the regulatory authorization to *sua sponte* reopen derives from a statute granting general authority over immigration matters to the Attorney General, a statute that "sets no standard for the Attorney General's decision-making in this context."  *Id.* at 1293; *see also* 8 U.S.C. § 1103(g)(2).  While we indicated in a footnote we "may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power," we recognized we had not yet decided the question and had no occasion to do so because the petitioner in *Lenis* did not raise any constitutional claims.  *See Lenis*, 525 F.3d at 1294 n.7.

We lack jurisdiction to consider whether the BIA erred in refusing to *sua sponte* reopen Cardenas-Guerrero's proceedings.  As in *Lenis*, Cardenas-

4

Guerrero's claim is not a constitutional claim "related to the BIA's decision not to exercise its *sua sponte* power."  *See id*.  Rather, Cardenas-Guerrero's ineffective assistance of counsel claim, although nominally addressed to the BIA's decision as well as to the first IJ's actions in the deportation proceedings, in substance relates only to whether the circumstances that occurred in the deportation proceedings and thereafter were sufficiently exceptional to warrant a *sua sponte* reopening.

## II.  CONCLUSION

Accordingly, we dismiss Cardenas-Guerrero's petition in part and deny in part.

**DISMISSED IN PART, DENIED IN PART.**