[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13183
Non-Argument Calendar
_____

Agency No. A023-609-258

RODOLFO MARTINEZ-RIVERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 3, 2017)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Rodolfo Martinez-Rivera petitions for review of the Board of Immigration Appeals ("BIA") order affirming the denial by the immigration judge ("IJ") of his motion to reopen removal proceedings. We deny the petition in part and dismiss in part.

## I. BACKGROUND

Martinez-Rivera, a native and citizen of Cuba, was paroled into the United States in August 1982. His status was later adjusted to lawful permanent resident. In April 1991, Martinez-Rivera was convicted of conspiracy to import at least 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 960, 963. Based on that conviction, Martinez-Rivera was served with a Notice to Appear in April 1999, which charged him as removable for having been convicted of an aggravated felony and controlled-substance crime. On August 17, 1999, an IJ issued a final order of removal against Martinez-Rivera based on his admission to the charges in the Notice to Appear. Martinez-Rivera made no application for relief from removal at that time; the IJ ordered him removed to Cuba.

On May 11, 2015, Martinez-Rivera filed a motion to reopen removal proceedings. Martinez-Rivera argued he was eligible for and entitled to relief under former INA § 212(c). He alternatively requested reopening to apply for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment

2

("CAT").  The Department of Homeland Security ("DHS") opposed the motion, argued the motion was untimely, and contended Martinez-Rivera was ineligible for the relief he sought.

The IJ denied Martinez-Rivera's motion.  The IJ concluded the motion was untimely, because it was filed well beyond the 90-day-statutory deadline for filing a motion to reopen; Martinez-Rivera had not established any of the exceptions to the 90-day deadline applied.  Martinez-Rivera's motion was untimely as a special motion to reopen for § 212(c) relief under the Supreme Court decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271 (2001); the deadline for this motion was April 26, 2005.  Even presuming Martinez-Rivera's motion was not time-barred, the IJ concluded he had failed to demonstrate he was eligible for a § 212(c) waiver and procedurally had defaulted his asylum claim, because he did not attach an I-589 application to his motion to reopen.

Martinez-Rivera appealed to the BIA.  He again argued he was eligible for the relief sought in his motion, but he did not address the timeliness issue.  The BIA affirmed the IJ's denial of the motion to reopen and dismissed Martinez-Rivera's appeal.  The BIA noted Martinez-Rivera's motion had been filed well beyond the 90-day deadline; he had not explained the delay in filing the motion or established an exception to the filing deadline.  Consequently, the BIA concluded the IJ correctly had denied the motion as untimely and declined to reach the IJ's

3

alternative bases for denying the motion.  The BIA also noted Martinez-Rivera had not shown reopening under the Board's sua sponte authority would be warranted. On petition for review, Martinez-Rivera argues he is eligible for relief under former INA § 212(c).  He contends the IJ erroneously determined he was ineligible for relief, and the BIA erred in not correcting that legal error.

## II. DISCUSSION

"When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopted the IJ's decision." *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).  We review the denial of a motion to reopen for abuse of discretion.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  Under the INA, an alien may file one motion to reopen removal proceedings, which generally must be filed within 90 days of the BIA final order of removal, with certain limited exceptions.  INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c).  The 90-day filing requirement does not apply, where (1) the alien is seeking asylum or withholding of removal based on changed country conditions; (2) the alien seeks rescission of a removal order entered in absentia; (3) the special rule for battered spouses, children, and parents applies; (4) the motion was jointly filed by the alien and the government; or (5) the government seeks termination of asylum.  INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. § 1003.2(c)(3).  We have held the 90-day time limit "is a non-

4

jurisdictional claim-processing rule that is subject to equitable tolling." *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 849 (11th Cir. 2013).  To establish equitable tolling, a litigant must show he has been diligently pursuing his rights and extraordinary circumstances prevented the timely filing of his motion to reopen.  *Id.* at 851.

In addition to the statutory authority to reopen, the IJ and the BIA have the regulatory authority to reopen proceedings sua sponte.  8 C.F.R. § 1003.23(b)(1); *id.* § 1003.2(a).  Sua sponte reopening is not subject to the statutory-time bar for motions to reopen.  8 C.F.R. § 1003.23(b)(1); *id.* § 1003.2(a).  We lack jurisdiction to review the denial of a motion to reopen based solely on the BIA's sua sponte authority.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-93 (11th Cir. 2008); *see also Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285-86 (11th Cir. 2016) (reaffirming *Lenis* and rejecting the argument we have jurisdiction to review legal issues presented in a motion for sua sponte reopening).  In *Lenis*, we concluded the BIA's decision whether to reopen proceedings sua sponte "is committed to agency discretion by law," and the regulation authorizing sua sponte reopening does not "provide[] any 'meaningful standard against which to judge the agency's exercise of discretion.'"  *Lenis*, 525 F.3d at 1293-94 (quoting *Heckler v. Chaney*, 470 U.S.

5

821, 830, 105 S. Ct. 1649, 1655 (1985)).  Therefore, we lack jurisdiction to review these decisions.[1] *Id.*

Martinez-Rivera does not contest the BIA determination his motion to reopen was untimely and none of the exceptions to the filing deadline applied; nor does he contend he is entitled to equitable tolling based on exceptional circumstances.  Consequently, he has abandoned any challenge to the sole basis on which the BIA affirmed the denial of his statutory motion to reopen, because the BIA did not adopt the IJ decision on the merits of his § 212(c) claim.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (recognizing arguments not briefed on appeal are deemed abandoned).

Even if Martinez-Rivera had preserved his challenge, it would fail.  As the BIA correctly noted, Martinez-Rivera's May 11, 2015, motion was filed well beyond the 90-day deadline for seeking reopening of the August 17, 1999, final order of removal.  INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i).  Martinez-Rivera has never argued any of the exceptions to the 90-day deadline apply in his case, nor does it appear from the record any of the exceptions apply.  *See* INA § 240(c)(7), 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. § 1003.2(c)(3).  Martinez-Rivera has never argued he is entitled to equitable tolling, nor has he identified any

---

[1] We did "note, in passing, that an appellate court may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power."  *Lenis*, 525 F.3d at 1294 n.7.

extraordinary circumstances prevented him from filing a timely motion to reopen seeking relief under former § 212(c). *Ruiz-Turcios*, 717 F.3d at 851. The BIA did not err in concluding the IJ properly denied Martinez-Rivera's motion to reopen as untimely. To the extent Martinez-Rivera argues his § 212(c) claim entitled him to reopening under the BIA's sua sponte authority, we lack jurisdiction to review that argument. *Butka*, 827 F.3d at 1285-86; *Lenis*, 525 F.3d at 1292-93.

**PETITION DENIED IN PART AND DISMISSED IN PART.**