[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11503
Non-Argument Calendar
_____

Agency No. A097-310-428

DARWIN GILBERTO RUIZ-TURCIOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 24, 2013)

Before BARKETT, MARTIN, and FAY, Circuit Judges.

BARKETT, Circuit Judge:

In light of this Court's en banc decision in <u>Avila-Santoyo v. U.S. Att'y Gen.</u>, — F.3d. —, No. 11-14941, 2013 WL 1499419 (11th Cir. Apr. 12, 2013), and upon panel rehearing, we previously vacated our original panel opinion, published at 700 F.3d 1270 (11th Cir. 2012), and substituted <u>Ruiz-Turcios v. U.S. Att'y Gen.</u>, — F.3d—, No. 12-11503, 2013 WL 1689072 (11th Cir. Apr. 19, 2013) in its place. We now vacate the latter and substitute this opinion in its place.

Darwin Gilberto Ruiz-Turcios, a native of Honduras, petitions for review of the Board of Immigration Appeals's ("BIA's") decision denying his third motion to reopen his removal proceedings in which he raised a claim of ineffective assistance of counsel.[1]  Under the statutory provisions of the Immigration and Nationality Act and its implementing regulations, an alien generally may file only one motion to reopen, and must do so no later than 90 days after the final order of removal.  8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  Ruiz-Turcios's motion to reopen did not meet these requirements, but he sought equitable tolling of the number and time limitations on the basis that he received

---

[1] Ruiz-Turcios also sought to reopen arguing that country conditions in Honduras had changed.  In asylum cases, "[t]here is no time limit on the filing of a motion to reopen if the basis of the motion is . . . changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii).  The BIA determined that Ruiz-Turcios failed to establish changed country conditions and also denied reopening on this ground.  We find no error in this determination and deny relief as to this ground.

2

ineffective assistance of counsel in his removal proceedings and during his

administrative appeal.

The BIA denied his motion to reopen to hear his claim of ineffective

assistance of counsel relying on our circuit precedent in Abdi v. U.S. Att'y Gen.,

430 F.3d 1148, 1150 (11th Cir. 2005), which held that the 90-day deadline for

filing a motion to reopen is "mandatory and jurisdictional, and, therefore, it is not

subject to equitable tolling."[2]

---

[2] Although the BIA also noted that Ruiz-Turcios did not comply with the requirements of
Matter of Lozada, 19 I & N 637, 639 (BIA 1988), which governs ineffective assistance of
counsel claims in removal proceedings, we are unable to conduct any meaningful appellate
review of this conclusory ruling.  Even if we presume that upon remand Ruiz-Turcios would be
granted equitable tolling and the BIA would reach the merits of the Lozada claim, the BIA's
denial of reopening by merely noting that Ruiz-Turcios failed to establish compliance with
Lozada is an abuse of discretion.  See Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir.
2001) ("An abuse of discretion may be found in those circumstances where the Board's decision
provides no rational explanation, inexplicably departs from established policies, is devoid of any
reasoning, or contains only summary or conclusory statements; that is to say, where the Board
has acted in an arbitrary or capricious manner.") (internal citations omitted); Mickeviciute v.
I.N.S., 327 F.3d 1159, 1162 (10th Cir. 2003) (same).

Accordingly, because the BIA merely "note[d]" that Ruiz-Turcios failed to comply with
the requirements of Lozada, without providing any factual findings or reasoning to support its
conclusion, we vacate the BIA's decision as to its Lozada ruling and remand for further fact-
finding and explanation to support its conclusion.  See e.g., Najjar v. Ashcroft, 257 F.3d 1262,
1278 (11th Cir. 2001) ("Commensurate with this role [of deferential review of the BIA], we
cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously
considered below."); Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1361 (11th Cir. 2009)
(Marcus, J., concurring) ("[U]nfortunately, the BIA's opinion reveals precious little about how
they measured these facts or any others in their calculus. Thus we cannot begin to perform any
meaningful appellate review from this barren opinion."); compare Shkambi v. U.S. Att'y Gen.,
584 F.3d 1041, 1048 (11th Cir. 2009) (explaining that meaningful appellate review is possible
where "the IJ consider[ed] the issues raised and announce[d] its decision in terms sufficient to
enable a reviewing court to perceive that it has heard and thought and not merely reacted")
(internal quotation marks omitted).

This court sitting en banc in <u>Avila-Santoyo</u>, overruled our circuit precedent in <u>Abdi</u> and held that the 90-day deadline to seek reopening of a removal proceeding pursuant to 8 U.S.C. § 1229a(c)(7)(C)(i) is a non-jurisdictional claim-processing rule that is subject to equitable tolling. — F.3d. at —, 2013 WL 1499419, at *5–7.  Thus, the BIA's conclusion that it was barred from reopening Ruiz-Turcios's removal proceedings based on the untimeliness of the motion to reopen is erroneous.  The BIA, however, did not specifically address whether the statutory requirement at 8 U.S.C. § 1227a(c)(7)(A), which limits an alien to one motion to reopen, is a non-jurisdictional rule and subject to equitable tolling.  Likewise, there is no precedent in our circuit which has addressed whether § 1227a(c)(7)(A)'s one-motion limitation is a jurisdictional rule or is a non-jurisdictional claim processing rule subject to equitable tolling.  Because Ruiz-Turcios is seeking reopening for the third time, this jurisdictional question must be resolved before the BIA can consider Ruiz-Turcios's request for equitable tolling of both the time and number limitations on motions to reopen.

We note that like the 90-day deadline, there is nothing in the plain language or scheme of the statutory provision allowing for one motion that "gives any indication, 'much less provide[s] clear evidence, that the [one motion] provision was meant to carry jurisdictional consequences.'" <u>Avila-Santoyo</u>, — F.3d at —, 2013 WL 1499419, at *3 (citing <u>Henderson v. Shinseki</u>, 131 S. Ct. 1197, 1204

4

(2011)).   Indeed, prior to their codification <u>at the same time</u>, both the 90-day and one-motion rules were originally promulgated <u>at the same time</u> as regulations by the Attorney General at the direction of Congress.   <u>See</u> Immigration Act of 1990, Pub. L. No. 101–649, § 545(d), 104 Stat. 4978, 5066 (1990) (instructing the Attorney General to issue regulations "which . . . include a limitation on the <u>number of such motions</u> that may be filed <u>and a maximum time period</u> for the filing of such motions) (emphasis added); <u>see also</u> <u>Avila-Santoyo</u>, —F.3d at —, 2013 WL 1499419, at *5  ("Congress merely adopted the regulatory provisions that allow one motion to reopen and the 90–day filing deadline as well as the exceptions pertaining to changed country conditions for asylum applications and the 180–day deadline for persons ordered removed in absentia.").   Thus, the reasoning articulated in our court's en banc decision in <u>Avila-Santoyo</u> supporting the conclusion that the 90-day deadline is a non-jurisdictional claim processing rule, appears equally applicable to, and to support, the related conclusion that the one-motion rule is a non-jurisdictional claim processing rule subject to equitable tolling.[3]

---

[3] We note that this view of the one-motion rule is in line with several of our sister circuits, which have held that <u>both</u> the time and numerical limitations for motions to reopen are non-jurisdictional claim processing rules, subject to equitable tolling.  <u>See</u> <u>Pervaiz v. Gonzales</u>, 405 F.3d 488, 490 (7th Cir. 2005) (holding that a petitioner's second motion to reopen which was filed after the 180-day deadline for filing a motion to reopen in absentia proceedings was subject to equitable tolling); <u>Borges v. Gonzales</u>, 402 F.3d 398, 406 (3d Cir. 2005) (same); <u>Iavorski v. INS</u>, 232 F.3d 124, 132 (2d Cir. 2000) ("In sum, nothing in the 1990 statute that directed the Department of Justice to limit the timing and number of motions to reopen

However, because the BIA denied reopening based only on the 90-day deadline and did not address whether reopening was also barred by the one-motion rule at §1227a(c)(7)(A), we leave it to the BIA to address why in the first instance the one-motion rule, like the 90-day deadline, is, or is not, a non-jurisdictional claim processing rule subject to equitable tolling. See e.g., I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

Thus, the BIA must first resolve the jurisdictional questions before addressing in the first instance whether Ruiz-Turcios is entitled to equitable tolling and, if so, whether he then is entitled to reopening on the merits of his ineffective assistance of counsel claim. We note that eligibility for equitable tolling is a threshold showing that must be made before the merits of the claim or claims underlying a motion to reopen can be considered. Additionally, equitable tolling generally requires a litigant to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). While the facts underlying Ruiz-Turcios's assertion that he received ineffective assistance of counsel may serve

---

convinces us that these limitations were intended to be jurisdictional and therefore not subject to equitable tolling.").

6

both as a basis for equitable tolling and for the merits of his motion to reopen, the standards for establishing equitable tolling and ineffective assistance of counsel are distinct.

Accordingly, we hereby GRANT Ruiz-Turcios's petition in part, VACATE the BIA's order denying reopening, and REMAND to the BIA for further proceedings consistent with this opinion.

**PETITION GRANTED in part, VACATED and REMANDED.**