[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-13928
Non-Argument Calendar
_____

Agency No. A096-098-284


AUGUSTO RAMIREZ-MORENO,
MARTHA OLIVA SALAZAR-JIMENEZ,
STEPHANY RAMIREZ-SALAZAR,
NATHALIE RAMIREZ-SALAZAR,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 30, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Augusto  Ramirez-Moreno,  his  wife,  and  their  two  children  (collectively,

"petitioners"), all natives and citizens of Colombia, seek review of the Board of Immigration Appeals' denial of their second motion to reopen their removal proceedings. The BIA denied the motion, which was untimely and number-barred, because the petitioners failed to show changed country conditions to qualify for an exception to the time and number limits applicable to motions to reopen. After reviewing the record and considering the parties' arguments, we deny the petition.

## I.

The petitioners came to the United States in 2002 and, claiming persecution on the basis of political opinion, applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). They argued that the National Liberation Army (ELN) had targeted them because they were closely associated with Mr. Ramirez-Moreno's sister, who had opposed the ELN's efforts to recruit students from a school at which she taught. The petitioners asserted that, after Mr. Ramirez-Moreno's sister moved to the United States to escape ELN persecution, members of that group twice threatened to kill them if Mr. Ramirez-Moreno did not provide his sister's contact information and money he had earned while working in Mexico.

Despite finding Mr. Ramirez-Moreno's testimony credible, the immigration judge denied the application for relief because the petitioners failed to show any nexus between the threats of harm they had suffered and a protected ground. The IJ

2

found that the ELN's interest in the petitioners stemmed from the group's desire for information about Mr. Ramirez-Moreno's sister and for money, not from the petitioners' political opinion. The petitioners therefore had not been persecuted as required to be eligible for the relief they sought. The BIA agreed with the IJ and dismissed the petitioners' appeal in 2004.

In 2010, the petitioners filed their first motion to reopen, which was based on changed country conditions. The BIA determined that the motion was untimely and that the petitioners had failed to show the changed country conditions required to excuse its lateness. Specifically, the BIA concluded that the petitioners had not submitted objective evidence that conditions in Colombia were materially different than they were when the IJ considered their application. The BIA also noted that even the subjective evidence the petitioners submitted—statements from relatives who had been menaced by unidentified people looking for Mr. Ramirez-Moreno— failed to show a nexus between the feared harm and the petitioners' political opinion.

The petitioners filed a second motion to reopen—the one that is the subject of this appeal—in 2011. As it did with the petitioners' first motion, the BIA determined that their second motion was untimely and that they had not shown materially changed conditions in Colombia. The BIA also concluded that the petitioners' motion was number-barred and that, although the petitioners' relatives

attested that they still received threats directed at Mr. Ramirez-Moreno and could now identify those making the threats as ELN members, there remained no nexus between the feared harm and a statutory basis for relief. Finding that the petitioners had failed to establish an exception to the time and number limits on motions to reopen, the BIA denied their second motion.[1]

## II.

We review the denial of a motion to reopen removal proceedings for abuse of discretion, determining only whether the BIA exercised its discretion in an arbitrary or capricious manner. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). A party is generally limited to filing one motion to reopen, and that motion must be filed within ninety days of the BIA's final order. *See* 8 U.S.C. 1229a(c)(7). *Cf. Ruiz-Turcios v. U.S. Att'y Gen.*, ___ F.3d ___, 2013 WL 2262470, at *1 (11th Cir. May 24, 2013) (noting that time limits on motions to reopen are subject to equitable tolling because they are non-jurisdictional and suggesting that the same is true of number limits). But the ninety-day deadline does not apply to motions based on evidence of "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such

---

[1] The BIA also found the petitioners ineligible for CAT relief because the threats against them were not made by a public official; the petitioners have waived any challenge to that finding by failing to argue the issue to us. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). The BIA opted not to use its *sua sponte* power to reopen, and we lack subject matter jurisdiction to review that decision. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).

evidence is material and was not available and could not have been discovered or presented at the previous hearing." *See* 8 U.S.C. 1229a(c)(7)(C)(ii). Unlike a change in country conditions, a change in personal circumstances cannot authorize untimely motions to reopen. *See Jiang*, 568 F.3d at 1258.

### III.

The petitioners argue that they have established an exception to the time and number limits on motions to reopen because they submitted evidence to the BIA that was unavailable at the time of the IJ's decision. Although we agree with the petitioners that the events described by their relatives occurred after the IJ's initial denial of relief—and that their family members' recitations of those events is therefore new evidence—we do not agree that the evidence shows changed country conditions in Colombia as a whole. At most the evidence shows that, as the petitioners describe it, their "enemies are still looking for" them, and are doing so with an increased intensity.

The fact that the ELN has stepped up its surveillance efforts regarding the petitioners is certainly a change in their personal circumstances, but it does not rise to the level of changed country conditions. And despite citing to the U.S. Department of State's country report on Colombia in their brief, the petitioners did not present that report—or any other objective evidence—to the BIA in support of their assertion that conditions in their home country had materially changed.

Because changed personal circumstances alone cannot excuse a late motion to reopen, *see Jiang*, 568 F.3d at 1258, the BIA did not abuse its discretion when it concluded that no exception to the filing deadline applied to the petitioners' motion.[2] The untimely and number-barred motion was therefore properly denied.

**PETITION DENIED.**

---

[2] The petitioners also argue that the BIA erred in "discredit[ing]" their "documents and credibility," but the record demonstrates that the BIA expressed no opinion at all about the credibility of the petitioners' evidence or their testimony. The only credibility finding ever made in this case came from the IJ at the petitioners' initial hearing in 2003, and that finding was in the petitioners' favor. As a result, we consider this argument to be without merit.