[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10993
Non-Argument Calendar
_____

Agency No. A075-435-916

DENEISE BENJAMIN-STUBBS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 9, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Deneise Benjamin-Stubbs, a native and citizen of Jamaica proceeding pro se, seeks review of the Board of Immigration Appeals's (BIA) affirmance of the Immigration Judge's (IJ) denial of her motion to reopen removal proceedings. She argues that the BIA abused its discretion by affirming the IJ's denial of her motion to reopen because she did not have notice of her master calendar hearing and because her failure to attend the hearing was the result of ineffective assistance of counsel.

Benjamin-Stubbs entered the United States on July 18, 1992, at the age of 16, as a non-immigrant B-2 visitor with authorization to remain in the United States until January 17, 1993. After remaining beyond that date without authorization from the Department of Homeland Security (DHS), she was issued a Notice to Appear (NTA) charging that she was subject to removal for overstaying her visa. The NTA, along with a list of free legal service providers and an instruction to notify the DHS of any change of address, was sent by regular mail to her Laken Drive residence. On June 10, 1998, the immigration court continued her master calendar hearing to August 5, 1998 and had her lawyer, who had filed an appearance that day, personally served with a notice of the hearing. He was subsequently granted leave to withdraw after attempting, and failing, to make contact with Benjamin-Stubbs in connection with the hearing.

2

Benjamin-Stubbs failed to appear at the master calendar hearing, and an immigration judge ordered her removed in absentia.  A copy of the immigration judge's order was mailed to the Laken Drive residence.

Thirteen years later, Benjamin-Stubbs retained new counsel and attempted to rescind the removal order by filing a motion to reopen removal proceedings alleging that she received ineffective assistance of counsel and that she was not given notice of the master calendar hearing.  In support, Benjamin-Stubbs stated that an unnamed representative of a free legal service provider advised her not to attend the master calendar hearing because the matter would be adjourned.  She only discovered the removal order when she filed for an adjustment of status based on her 2002 marriage to a United States citizen.

The IJ denied Benjamin-Stubbs's motion to reopen, concluding that she had constructive notice of the master calendar hearing because her attorney had been personally served with written notice of the hearing.  Moreover, the IJ determined that Benjamin-Stubbs failed establish that her absence from the hearing was explained by exceptional circumstances because she did not provide adequate documentary evidence.  In addition, her motion to reopen, to the extent it was based on a claim of exceptional circumstances, was time-barred as beyond the 180-day time limit imposed by 8 C.F.R. § 1003.23(b)(4)(ii).  The IJ's decision was

3

affirmed on appeal by the Board of Immigration Appeals.  Benjamin-Stubbs now appeals the denial of her motion to reopen.

We "review[] the BIA's denial of a motion to reopen for an abuse of discretion."  *Mejia Rodriguez v. Reno,* 178 F.3d 1139, 1145 (11th Cir. 1999).  We review the decision of the BIA as well as any portions of the IJ's opinion with which the BIA agrees.  *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009) (reviewing the decisions of both the IJ and BIA as they related to the question of whether petitioner had established a well-founded fear of persecution because the BIA agreed with the IJ's finding on that issue).

Petitioners are required to exhaust all administrative remedies available in order for this Court to review a final order of removal.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam).  Accordingly, if a petitioner failed to raise a claim before the BIA, we lack jurisdiction to consider that claim.  *See id.*  Additionally, we have no authority to consider evidence outside of the administrative record.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1282 (11th Cir. 2001).

An undocumented immigrant who fails to appear at her removal hearing will be ordered removed in absentia when it is "establishe[d] by clear, unequivocal, and convincing evidence that . . . written notice was . . . provided and that the [undocumented immigrant] is removable."  8 U.S.C. § 1229a(b)(5)(A).  An in

4

absentia order of removal may be rescinded by filing, within 180 days, a motion to reopen that "demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). Ineffective assistance of counsel may qualify as an "exceptional circumstance." *See Montano-Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008).

The 180-day deadline for seeking reopening of removal proceedings after an in absentia order of removal based on exceptional circumstances is a non-jurisdictional, claim-processing rule. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362 n.4 (11th Cir. 2013) (en banc) (per curiam). Moreover, this rule is subject to equitable tolling. *See id.* at 1363–65. "[E]quitable tolling requires a litigant to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1363 n.5 (internal quotation marks omitted). The facts underlying a claim of ineffective assistance of counsel "may serve both as a basis for equitable tolling and for the merits of [a] motion to reopen." *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013).

An undocumented immigrant may also move, at any time, to reopen removal proceedings following an in absentia order of removal if she did not receive notice of her removal hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii). The notice requirement

may be fulfilled by personally serving a notice of hearing to the undocumented immigrant's counsel.  8 U.S.C. § 1229(a)(1).

Unfortunately, Benjamin-Stubbs was misadvised about the consequences of the August 5, 1998 hearing by the free legal clinic from which she sought assistance.  She was also ill-advised about her rights in connection with her application to adjust her status to lawful permanent resident.  The denial of her motion to reopen appears harsh.  Benjamin-Stubbs is married to a United States citizen, is the mother of two United States citizens, and has been in the country since she the age of 16—nearly 22 years.

However, we do not write on a blank slate, and we cannot say that the BIA abused its discretion here.  Benjamin-Stubbs's motion to reopen was filed well after the 180-day limitations period, and she has not presented any evidence suggesting that she is entitled to equitable tolling.  Thus, to the extent she sought rescission based on the exceptional circumstance of ineffective assistance of counsel, her claim is time-barred.  *See* 8 U.S.C. § 1229a(b)(5)(C)(i).  Second, the BIA correctly determined that Benjamin-Stubbs had constructive notice of the hearing because her counsel was personally received a notice of hearing.  *See* 8 U.S.C. § 1229(a)(1).  Moreover, by arguing that a free legal services representative informed her not to attend the master calendar hearing, Benjamin-Stubbs admitted to having actual notice of the hearing.  Thus, Benjamin-Stubbs lacked a basis to

justify reopening her removal proceedings, and the BIA did not abuse its discretion by concluding otherwise.  Accordingly, we deny the petition.

Benjamin-Stubbs now argues for the first time that her lawyer provided ineffective assistance of counsel by failing to forward the notice of hearing to her new address.  Because this argument was not raised before the BIA, Benjamin-Stubbs failed to exhaust her administrative remedies and we lack jurisdiction to entertain it.  *Amaya-Artunduaga*, 463 F.3d at 1250.  Benjamin-Stubbs also asserts for the first time that she did not seek assistance from the free legal services representative until *after* the immigration court entered the order of removal and that several other attorneys continued to provide ineffective assistance of counsel over the course of 14 years.  Despite these new contentions, we may not consider factual matters outside the administrative record.  *Al Najjar*, 257 F.3d at 1282.  Because we lack jurisdiction to consider these newly-raised claims, we dismiss this part of Benjamin-Stubbs's petition.

**PETITION DENIED IN PART AND DISMISSED IN PART.**