[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14702
Non-Argument Calendar

_____

Agency No. A089-370-301

JUAN GILBERTO CONTRERAS-MARTINEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 28, 2016)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Gilberto Contreras-Martinez seeks review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen based on ineffective assistance of counsel.  After review, we deny Contreras's petition for review.[1]

The BIA did not abuse its discretion by denying Contreras's motion to reopen because Contreras's motion was untimely.  A motion to reopen must be filed within 90 days of the date of the final administrative removal order. See Immigration and Nationality Act ("INA") § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  The 90-day deadline for filing motions to reopen is not jurisdictional, and thus may be subject to equitable tolling. See Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1359-65 (11th Cir. 2013) (en banc).  Contreras did not file his motion to reopen until June 23, 2015, almost two years after the BIA's August 2, 2013 final decision.  Thus, Contreras's motion to reopen was untimely unless he could satisfy the requirements for equitable tolling.

To establish equitable tolling, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 1363 n.5 (quotation marks omitted).  The facts underlying an ineffective assistance claim may serve as a basis for both equitable tolling and the

---

[1]We review the denial of a motion to reopen for an abuse of discretion. Zhang v. U.S. Att'y. Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).  This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Id.

merits of a motion to reopen.  Ruiz-Turcios v. U.S. Att'y Gen., 717 F.3d 847, 851 (11th Cir. 2013).

Contreras alleged that his prior counsel provided ineffective assistance by filing an asylum application in 2008 to place him in removal proceedings, then withdrawing the asylum application and conceding removability so that Contreras could seek cancellation of removal.  According to Contreras, his prior counsel knew or should have known that Contreras was not statutorily eligible for this relief because Contreras had not been physically present in the United States for ten years.  Contreras noted that in February 2007, he had an approved visa petition through his U.S. citizen wife and that on March 11, 2014, his prior counsel was disbarred from practicing before the BIA or the immigration courts for making false statements or offering false evidence in other immigration cases.

Contreras, however, did not provide any evidence of his efforts to pursue his ineffective assistance claim against his prior counsel beyond filing a complaint with the Florida Bar on May 19, 2015, almost two years after the BIA dismissed his appeal of the denial of cancellation of removal on August 2, 2013, and more than one year after the BIA disbarred his prior counsel.  Contreras also did not state when he obtained his current counsel or why it took him so long to file the bar complaint or his motion to reopen.  In short, Contreras did not identify any extraordinary circumstance that caused him to wait almost two years after the

3

BIA's final decision, and over a year after prior counsel was disbarred, to file the motion to reopen.

On appeal, the only reason Contreras provides is that he lacked the advice of an immigration expert. Contreras's belated explanation is insufficient as it does not explain why Contreras did not seek immigration counsel earlier or why his current counsel could not have filed the motion to reopen earlier. Without providing evidence of due diligence, Contreras's motion was not entitled to equitable tolling, and the BIA did not abuse its discretion by denying the motion. See Avila–Santoyo, 713 F.3d at 1363 n.5, 1359–65.

Even assuming arguendo that Contreras established due diligence, he failed to show he was prejudiced by his prior counsel's performance. See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2004) (stating that a motion to reopen must show that counsel's ineffective assistance prejudiced the alien's removal proceedings). The record establishes that even absent his prior attorney's error, the outcome of Contreras's removal proceedings would have been the same. See id. (stating that prejudice is shown when there is a reasonable probability that the outcome of the removal proceedings would have been different). It is undisputed that Contreras could not satisfy the continuous physical presence requirement for cancellation of removal. See INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1); § 245(i)(1)(B)(i), 8 U.S.C. § 1255(i)(1)(B)(i).

4

Contreras argues that his prior counsel should not have placed him in removal proceedings to begin with because Contreras had an approved I-130 visa petition obtained through his wife, who is a U.S. citizen.  But, to be prima facie eligible for adjustment of status to a lawful permanent resident, Contreras's wife had to file the visa petition on or before April 30, 2001.  See INA § 245(i)(1)(B)(i), 8 U.S.C. § 1255(i)(1)(B)(i).  Contreras and his wife were not even married until December 7, 2003, and the visa petition was not received until October 5, 2004.  Thus, Contreras was not prima facie eligible for adjustment of status either.[2]

In sum, the BIA was within its discretion in denying Contreras's motion to reopen because Contreras's motion was untimely, and Contreras failed to show due diligence in pursuing his ineffective assistance claim or prejudice resulting from his prior counsel's ineffective assistance.

**PETITION DENIED.**

---

[2]For the first time, Contreras contends that his prior counsel should have sought administrative closure of his removal case based on prosecutorial discretion.  We lack jurisdiction to review this issue, which Contreras did not exhaust in his motion to reopen before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).  In any event, Contreras has not shown a reasonable probability that such discretion would have been exercised in his favor here.