[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12253
Non-Argument Calendar
_____

Agency No. A097-625-806

JUAN PEREZ-PABLO,
TOMASA CALMO-CARRILLO,
ROLANDO PEREZ-CALMO,
LEOVEL PEREZ-CALMO,
HERLINDA PEREZ-CALMO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 7, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Perez-Pablo, Tomasa Calmo-Carrillo, Rolando Perez-Calmo, Leovel Perez-Calmo, and Herlinda Perez-Calmo ("the petitioners"), proceeding with counsel, seek review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of their motion to reopen *in absentia* removal proceedings, pursuant to the Immigration and Nationality Act ("INA") § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C).  On appeal, the petitioners argue that the BIA abused its discretion in affirming the IJ's denial of the petitioners' motion to reopen, where they submitted sworn affidavits and an article establishing that a hurricane prevented their appearance at the September 14, 2004, removal hearing, and where, despite their attorney's specific instruction to avoid their case, they exercised due diligence in pursuing their case by seeking counsel immediately after the hurricane had passed.  The petitioners also argue that the BIA abused its discretion in affirming the IJ's declination to equitably toll the 180-day filing deadline due to their failure to diligently pursue their case, where they pursued their rights diligently, but were held back due to the hurricane's wreckage and their attorney's ineffective assistance of counsel, which were both extraordinary circumstances out of their control.

2

We review the BIA's decision as the final judgment, unless and to the extent the BIA expressly adopted the IJ's decision. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Where the BIA agrees with the IJ's decision, we review the decisions of both the BIA and the IJ. *Id.* We will not review issues the BIA declined to address. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Here, the BIA issued its own decision, but to the extent that the BIA agreed with the IJ's findings, we review both decisions. *Kazemzadeh*, 577 F.3d at 1350.

We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we will only determine whether the BIA exercised its discretion arbitrarily or capriciously. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The appellant bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are particularly disfavored. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

Under INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A), when an alien fails to attend his removal proceeding, he will be ordered removed *in absentia* so long as he is removable and was provided with written notice of the proceeding. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). The alien may only seek rescission of the *in absentia* removal order by filing a motion to reopen removal proceedings within 180 days after the order of removal was entered, and by demonstrating that

3

he failed to appear due to "extraordinary circumstances." *Jiang*, 568 F.3d at 1256; *see* INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i) (citing "exceptional circumstances"). The INA's 180-day deadline for filing a motion to reopen an *in absentia* removal order is a non-jurisdictional claim-processing rule, subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362-65 & n.4 (11th Cir. 2013) (*en banc*). To prevail on an equitable tolling claim, the appellant must show that: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *See id.* at 1363 n.5.

The BIA did not abuse its discretion by affirming the IJ's denial of the petitioners' motion to reopen. The petitioners do not dispute receiving the notice of removal and the *in absentia* removal order. Because the petitioners did not file their motion to reopen until September 25, 2015, just over 11 years after the IJ's September 14, 2004, final removal decision, their motion was untimely and they needed to satisfy the equitable tolling requirements. INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i); *Jiang*, 568 F.3d at 1256; *Avila-Santoyo*, 713 F.3d at 1362-65 & n.4.

The BIA properly affirmed the IJ's declination to equitably toll the 180-day deadline for the petitioners' motion to reopen. The BIA did not exercise its discretion in an arbitrary or capricious manner where it reasonably concluded from the evidence that the petitioners did not exercise due diligence in pursuing their

rights. *Jiang*, 568 F.3d at 1256; *Zhang*, 572 F.3d at 1319.  According to Perez-Pablo's and Calmo-Carrillo's sworn declarations, from the time they consulted Milano in late September 2004 until their move to California in 2014, they specifically avoided contacting either the immigration court or alternative counsel due to their fear of deportation.  The record demonstrates no other efforts by the petitioners in pursuing their case prior to 2014.  Thus, the BIA was within its discretion to conclude that the petitioners failed to show the requisite diligence for equitable tolling.  *Avila-Santoyo*, 713 F.3d at 1363 n.5.

The petitioners also argue that the BIA erred in adopting the IJ's summary conclusion that they failed to comply with *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), as to their ineffective assistance of counsel argument.  However, because the BIA did not adopt this conclusion, but rather concluded that the due-diligence issue was dispositive, we need not review the IJ's conclusion on this matter.  *Gonzalez*, 820 F.3d at 403.  Nevertheless, because the petitioners failed to show entitlement to equitable tolling, we need not consider the merits of their motion to reopen on ineffective assistance of counsel grounds.  *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) (concluding that entitlement to equitable tolling must be satisfied before consideration of the merits of the claim underlying the motion to reopen).

5

Upon review of the record and consideration of the parties' briefs, we deny the petitioners' petition.

**PETITION DENIED.**