[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14290
Non-Argument Calendar
_____

Agency No. A208-183-157

MANPREET SINGH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 23, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Manpreet Singh seeks review of an order of the Board of Immigration Appeals (BIA) denying as untimely his motion to reopen removal proceedings, which was based on ineffective assistance of counsel and filed approximately one year after the BIA's final order of removal.  Singh argues that he demonstrated the requisite diligence to be entitled to equitable tolling.  After review,[1] we deny Singh's petition.

The BIA did not abuse its discretion in denying Singh's motion to reopen because Singh did not file the motion within 90 days of the BIA's final administrative removal order.  *See* Immigration and Nationality Act (INA) § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i) (providing a motion to reopen must generally be filed within 90 days of the final administrative removal order);  8 C.F.R. § 1003.2(c)(2) (same).  The BIA affirmed the denial of Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture on September 14, 2017.  Singh did not file his motion to reopen until September 10, 2018, well after the statutory time limit for filing had expired.

Further, the BIA did not abuse its discretion in concluding Singh was not entitled to equitable tolling because Singh failed to show he pursued his rights

---

[1] We review the denial of a motion to reopen removal proceedings for an abuse of discretion.  *See Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003).  "In this particular area, the BIA's discretion is quite broad."  *Id.* (quotation marks omitted).  Our review is limited to whether the BIA's exercise of discretion was arbitrary or capricious.  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

diligently. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1361, 1364 (2013) (en banc) (providing 90-day filing requirement is a "non-jurisdictional claim-processing rule" subject to equitable tolling); *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) (explaining equitable tolling requires a litigant to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Singh argues that he first learned of his prior counsel's ineffective assistance when he retained new counsel in February 2018. However, Singh did not show why he waited five months to retain new counsel when, as the BIA noted, the final order of removal pointed out serious deficiencies in his appeal, including that Singh's counsel did not "meaningfully address" the basis of the immigration judge's decision and sought to challenge a credibility finding that the immigration judge never made. The BIA also noted, and Singh does not dispute, that a copy of this order was mailed directly to Singh. Although a motion to reopen based on ineffective assistance of counsel carries with it certain procedural requirements, *see Gbaya*, 342 F.3d at 1221, Singh also did not show why, once new counsel was retained, another seven months elapsed before the motion to reopen was filed. The BIA therefore acted within its discretion in concluding Singh failed to show he pursued his rights diligently.

To the extent Singh argues he was prejudiced by his prior counsel's performance, we do not reach that argument because "eligibility for equitable tolling is a threshold showing that must be made before the merits of the claim or claims underlying a motion to reopen can be considered." *See Ruiz-Turcios*, 717 F.3d at 851; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Accordingly, we deny Singh's petition.

**PETITION DENIED.**