[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10948
Non-Argument Calendar
_____

Agency No. A209-834-118

LIE YE XIAO,
a.k.a. Xiao Jie Ye,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 3, 2021)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lie Ye Xiao ("Petitioner"), a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying his second motion to reopen his removal proceedings. Petitioner sought reopening based on a purported change in country conditions. No reversible error has been shown; we deny the petition.

Petitioner entered the United States in 2016 and was later charged as removable. Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture.

In his applications for relief, Petitioner said he had been persecuted by the Chinese government based on his membership in an underground Christian church. In 2015, Petitioner attended an underground church service being held in a church member's home. Uniformed police officers kicked open the door of the home, arrested the church members, and accused them of participating in an "evil cult." Petitioner was taken to the police station, interrogated, abused, and detained for fifteen days. Upon his release, Petitioner was required to report weekly to the police station and to end his participation in church activities.

The Immigration Judge ("IJ") denied Petitioner's applications for relief. The IJ determined that Petitioner had shown neither past persecution nor a well-

2

founded fear of future religious persecution.  In pertinent part, the IJ noted that --

according to the 2015 International Religious Freedom Report on China --

Christians were permitted to practice openly through government-sanctioned

churches.  Further, while underground churches were subject to government-

imposed restrictions and documented cases existed of harassment and detention of

unregistered church members, restrictions on underground churches were not

uniformly enforced.

The BIA affirmed the IJ's decision in September 2017.  Petitioner sought no

review of the BIA's denial of relief in this Court.

In August 2018, Petitioner filed his first motion to reopen the removal

proceedings.  Petitioner argued -- based on the Supreme Court's decision in Pereira

v. Sessions, 138 S. Ct. 2105 (2018) -- that his notice to appear was defective and,

thus, the immigration court lacked jurisdiction over his proceedings.  The BIA

denied the motion.  Petitioner filed no petition for review.

In October 2018, Petitioner filed the instant motion to reopen based on

changed conditions in China.[*]  Petitioner argued that -- after his 2017 removal

hearing -- the Chinese government intensified its persecution for members of

---

[*] Petitioner also requested that the BIA sua sponte reopen his proceedings under its discretionary authority.  The BIA denied relief, finding no exceptional circumstances warranting the exercise of its limited discretionary authority under 8 C.F.R. § 1003.2(a).  Petitioner raises no challenge to the BIA's denial of discretionary relief; so that issue is not before us in this appeal.

unregistered churches, including in his home province of Guangdong. In support of his motion, Petitioner submitted several documents, including several official United States government reports about the country conditions in China, reports by non-governmental organizations about China, and news articles.

The BIA denied the motion as untimely and successive, concluding that Petitioner failed to demonstrate a material change in country conditions since his 2017 removal hearing. The BIA characterized Petitioner's newly-submitted evidence as "denot[ing] additional instances involving religious issues in China similar to those that existed at the time of his 2017 hearing."

We review the BIA's denial of a motion to reopen for abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." Id. "Motions to reopen in removal proceedings are particularly disfavored." Id.

We review administrative fact findings -- including those about changed country conditions -- under the "highly deferential substantial evidence test," which requires us to "view the record evidence in the light most favorable to the agency's decision and [to] draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Under that deferential standard, we may "not engage in a de novo review of factual

findings" or "reweigh the evidence from scratch," and we must affirm the BIA's factual findings unless "the record compels a reversal." Id. at 1027 (quotations omitted). In other words, "even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." Id. at 1029.

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). A party may file only one motion to reopen, which must be filed within 90 days after the final administrative order. 8 C.F.R. § 1003.2(c)(2). These mandatory numerical and time limitations do not apply, however, "when (1) the alien files a motion to reopen that seeks asylum, withholding of removal, or relief under the Convention Against Torture; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings." Jiang, 568 F.3d at 1256 (citing 8 C.F.R. § 1003.23(b)(4)(i)); see also 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." Jiang, 568 F.3d at 1256-57.

5

In rendering its opinion, the BIA is not required to discuss every piece of evidence. See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006). Where the BIA has given reasoned consideration to the petition and made adequate findings, no requirement exists that it addresses specifically each claim made by the petitioner or each piece of evidence presented by the petitioner. Id. Instead, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Id.

No abuse of discretion has been shown in the BIA's consideration of Petitioner's documentary submissions. Contrary to Petitioner's assertions on appeal, the BIA gave reasoned consideration to Petitioner's claims, cited the newly-submitted documents, and announced its decision in sufficient terms. See Tan, 446 F.3d at 1374.

Viewing the record in the light most favorable to the BIA's decision, the BIA had a reasonable basis for concluding that Petitioner failed to demonstrate a material change in country conditions for China. Both the 2015 Religious Freedom Report (introduced at Petitioner's 2017 removal hearing) and the 2017 Religious Freedom Report (submitted with Petitioner's motion to reopen) state that the Chinese government did not recognize house churches, monitored closely

unregistered churches, and harassed and detained small groups that congregated for religious purposes.

To the extent the 2017 Religious Freedom Report and Petitioner's other submissions might suggest some increase in government restrictions on unregistered Christian groups and house churches, these documents compel no finding of materially changed country conditions between Petitioner's 2017 hearing and his 2018 motion to reopen.  See Adefemi, 386 F.3d at 1027.  Instead, the conditions described in Petitioner's 2018 motion -- including the Chinese government breaking up congregations of unregistered churches, confiscating church property, detaining church members, and harassing unregistered Christians -- are similar to (and represent no material change from) the conduct and conditions alleged in Petitioner's original removal proceedings.

Our review powers are highly limited.  Substantial evidence supports the BIA's decision; the BIA did not conclude arbitrarily that the criteria for a successful motion to reopen based on materially changed country conditions were unmet.  No error has been shown in the denial of Petitioner's motion to reopen; the motion was successive and time-barred.

PETITION DENIED.

MARTIN, Circuit Judge, dissenting:

Lie Ye Xiao came to the United States fleeing religious persecution in his native China. His initial application for asylum was denied in April 2017. However, Mr. Ye[1] has since amassed evidence of a distressing and significant escalation of government persecution against Christians, like Mr. Ye. Because I believe the Board of Immigration Appeals ("BIA") abused its discretion when it affirmed the Immigration Judge's denial of Mr. Ye's motion to reopen, I would grant his petition.

Generally, motions to reopen are subject to time and number limits. See 8 C.F.R. § 1003.2(c)(2). But those limits do not apply when a noncitizen seeks to reopen his removal proceedings in order to apply for asylum based on changed circumstances in his home country. 8 U.S.C. § 1229a(c)(7)(C)(ii). When a noncitizen files a motion to reopen based on changed country conditions, the BIA must consider whether the noncitizen has presented "material and previously unavailable evidence of changed conditions." Li v. U.S. Att'y Gen., 488 F.3d 1371, 1375 (11th Cir. 2007) (per curiam). We review the BIA's denial of a motion to reopen for abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009). The BIA abuses its discretion when its decision "provides no

---

[1] The government refers to Mr. Ye as "Xiao" but he refers to himself as "Ye" in his brief. I refer to Mr. Ye as he refers to himself.

8

rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Ruiz-Turcios v. U.S. Att'y Gen., 717 F.3d 847, 849 n.2 (11th Cir. 2013) (quotation marks omitted).

Mr. Ye submitted hundreds of pages of evidence about how conditions in China have changed since his initial application for asylum was denied. This included evidence that China recently codified government control over religion, including the authority to punish religious practice at "unrecognized churches"; statistical evidence demonstrating a steep increase in rates of anti-Christian persecution; and descriptions of individual cases of persecution that starkly illustrate the government's intensified repression of Christians. Notably, Mr. Ye affirmatively drew the BIA's attention to evidence he submitted indicating that the "number of persecution cases documented in 2017 represent an increase of 66% from 2016." Mr. Ye assembled this evidence from many reputable sources, including State Department International Religious Freedom Reports, reports from the Congressional-Executive Commission on China, and a report from Amnesty International.

The BIA devoted all of one sentence to addressing the ample evidence Mr. Ye provided about the changed conditions in China. It said Mr. Ye only "denotes additional instances involving religious issues in China similar to those that existed

9

at the time of his 2017 hearing."[2]  This statement indicates that the BIA considered (at most) descriptions of individual instances of persecution.[3]  But Mr. Ye submitted documents indicating that these instances have increased significantly since 2016 and that the government's authority to persecute non-sanctioned religious practices is now codified in law.  The BIA is not entitled to overlook or discount evidence that supports the noncitizen's claims.  Jiang, 568 F.3d at 1258.  Given that the BIA's decision is "devoid of any reasoning" as to why the marked increase in persecution against Christians in China is not a material change, I view the BIA as having abused its discretion.  Ruiz-Turcios., 717 F.3d at 849 n.2.

The government minimizes Mr. Ye's evidence by noting that there has been a "constant increase" in repression of Christians in China since at least 2013.  But I am troubled by the notion that as long as there is an increase in persecution year after year, this somehow evidences continuity, as opposed to a material change in conditions.  The fact that there may have been a similar increase in instances of

---

[2] Indeed, the BIA decision also erroneously stated that Mr. Ye is a citizen of Guatemala, further evincing that the agency did not give Mr. Ye's motion the consideration it was due.

[3] The majority says the BIA demonstrated that it reviewed Mr. Ye's evidence because it "cited the newly-submitted documents."  Maj. Op. at 6.  The BIA did cite the hundreds of pages of evidence Mr. Ye submitted in one parenthetical.  But this vague and general citation, one that fails to recognize the breadth and substance of the materials Mr. Ye submitted, does not demonstrate the BIA actually grappled with the evidence or arguments presented by the petitioner.  See Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1374 (11th Cir. 2006) (The BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (quotation marks omitted)).  I reject the majority's conclusion that the BIA can so easily immunize itself from review in this instance.

persecution from 2015 to 2016 does not mean that the increase from 2016 to 2017 is immaterial.  To the contrary, evidence of a "constant increase" in persecution suggests that conditions in China are materially changing for the worse every year.  And yet the BIA completely failed to address Mr. Ye's evidence of this disturbing trend.

Our asylum laws "have represented the best of our Nation," and our government has "time and again reaffirmed its commitment to providing sanctuary to those escaping oppression and persecution."  Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. ___, 140 S. Ct. 1959, 2013–14 (2020) (Sotomayor, J., dissenting).  When the BIA is presented with a motion to reopen from a person seeking asylum, it is charged with ensuring that the government lives up to this commitment by considering the reality that the asylum seeker will face upon return.  It may not properly limit its review to those conditions existing when the noncitizen left.  When, as here, the BIA does not review the evidence the asylum seeker presents, the agency fails to discharge its important duty.  If the BIA does not properly consider an issue, it is appropriate to "remand to the agency for additional investigation or explanation."  I.N.S. v. Orlando Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 355 (2002) (per curiam) (quotation marks omitted).  I would therefore remand Mr. Ye's case to the BIA for additional investigation of his evidence of changed conditions in China.  For these reasons, I respectfully dissent.

11