[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10606

Non-Argument Calendar

_____

PATRICIA VALENCIA-TORRES,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A088-690-762

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Patricia Valencia-Torres petitions for review of the Board of Immigration Appeals' denial of her motion to reopen and terminate her removal proceedings.  Her motion is time barred because it was filed more than ninety days after the final administrative removal order.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  Her motion is also number barred because it is her second motion to reopen her removal proceedings.  8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2).

Nonetheless, Valencia-Torres argues that her motion should be granted because the notice to appear she received was defective. After she entered the United States in 1994, the government served her with a notice to appear on September 29, 2007.  That notice did not specify the date and time for her initial removal hearing. Subsequently, the Supreme Court held that for purposes of the stop-time rule, a notice to appear must include all statutorily required information, including the time and place of the initial hearing, in a single document. *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018); *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1480, 1486 (2021).  We note, however, that the stop-time rule had no bearing on the denial of her motion for cancellation of removal because the immigration judge found that she had satisfied the physical-presence requirement.

Valencia-Torres's argument in this Court is not entirely clear. To the extent that this is a jurisdictional argument, it is foreclosed by our precedent. We've explained that a defect in a notice to appear does not deprive the immigration judge of jurisdiction over a removal proceeding. *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1150 (11th Cir. 2019). Instead, the statutory and regulatory requirements for the filing of a notice to appear set forth claim processing rules. *Id.* The Supreme Court's later decision in *Niz-Chavez*, relied upon by Valencia-Torres, does not undermine this holding. There, the Supreme Court decided only that the notice to appear needed to come in one document, not two. *Niz-Chavez*, 141 S. Ct. at 1480, 1486. Nothing in the decision purported to create a jurisdictional requirement. Accordingly, the defective notice to appear Valencia-Torres received does not deprive the immigration judge of jurisdiction.

Valencia-Torres instead may be contending that reopening is warranted because her notice to appear violated mandatory (though non-jurisdictional) claim processing rules. If so, this claim is subject to the time and number limitations on her motion to reopen. Valencia-Torres does not argue that these limitations should be equitably tolled or that a statutory exception applies. *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 849–50 (11th Cir. 2013); 8 U.S.C. § 1229a(c)(7). Accordingly, the Board of Immigration Appeals did not abuse its discretion in denying her motion to reopen.

**PETITION DENIED.**