**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11701

Non-Argument Calendar

————————————

TANIA CESIBEL SUAZO CRUZ,
JAIME ENRIQUE LOERA MONTANEZ,

*Petitioners,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A207-018-032

————————————

Before JILL PRYOR, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

Tania Cesibel Suazo Cruz and her husband, Jaime Enrique Loera Montanez, petition for review of the order from the Board

of Immigration Appeals that dismissed their appeal of an immigration judge's decision denying Suazo Cruz's applications for withholding of removal; relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"); and adjustment of status. The petitioners argue that the Board erred in dismissing their appeal as untimely because it failed to give reasoned consideration to their request for equitable tolling. The government has moved for summary denial of the petition. After careful review, we grant the government's motion.

## I.

Suazo Cruz, a citizen of Guatemala, and Loera Montanez, a citizen of Mexico, each entered the United States without inspection. While living in the United States, they married. In 2020, the Department of Homeland Security issued notices to appear, charging that each was removable. They were represented by the same counsel in their removal proceedings, which proceeded together.

Suazo Cruz applied for withholding of removal and CAT relief with Loera Montanez as a rider on her application. She also applied for cancellation of removal and adjustment of status. On May 22, 2024, an immigration judge denied the applications and ordered Suazo Cruz and Loera Montanez removed.

On June 10, Suazo Cruz and Loera Montanez filed a notice of appeal with the Board. Three days later the Board notified them that it had rejected their filing. It rejected the filing because the attorney who represented them had filed a form EOIR-27 to enter an

25-11701                Opinion of the Court                3

appearance for Suazo Cruz but not for Loera Montanez. The Board directed them to file a form EOIR-27 for Loera Montanez. It warned that the rejection of their appeal did "not extend the original deadline for" filing the notice of appeal and directed that "[a]ny corrected appeal . . . refiled after the original time limit must be filed within 15 days from the date of this rejection and include this notice." AR at 38.[1] It stated that if they refiled their corrected appeal after the original deadline or after the 15-day period, they had to "make a request to the [Board] to accept [their] appeal" and had to "clearly establish both diligence in the filing of the notice of appeal . . . and that an extraordinary circumstance prevented timely filing." *Id.*

Shortly after receiving this notice, on June 19, the petitioners' attorney submitted to the Board a form EOIR-27 for Loera Montanez but did not refile the notice of appeal. The Board did not docket the appeal. On September 5, the attorney sent a letter to the Department of Homeland Security again submitting the form EOIR-27 for Loera Montanez. The Board still did not docket the appeal.

On December 19, the petitioners filed a new notice of appeal with the Board along with a motion asking it to accept their notice of appeal. Their attorney submitted a declaration explaining that she had "believed that the appeal would be accepted once the notice of entry of appearance" for Loera Montanez was submitted. *Id.*

---

[1] "AR" refers to the administrative record.

at 25. The attorney also stated that she had made follow up calls to the Board about the status of the appeal. They also attached to their motion a copy of the notice from the Board showing that their June 10 filing had been rejected, the EOIR-27 form their attorney tried to file for Loera Montanez on June 19, and their attorney's September 5 letter to the Board again submitting the EOIR-27.

The Board summarily dismissed the appeal as untimely. It explained that the notice of appeal was due on or before June 24, 2024. Although the petitioners' first notice of appeal was filed before this deadline, the Board explained that it was rejected for filing defects. And it determined that the petitioners' second notice of appeal was untimely because it was not filed until December.

The Board then considered the petitioners' motion in which they sought equitable tolling. It stated that their attorney had erroneously "believed the appeal would be accepted upon the refiling of the form EOIR-27 alone." *Id.* at 3. Although the attorney detailed this mistake, the Board noted that she had failed to provide any "further explanation as to why the notice of appeal was filed six months beyond the appeal filing deadline." *Id.* It then concluded that the petitioners were not entitled to equitable tolling because they failed to exercise due diligence or establish extraordinary circumstances.

The petitioners now seek review in this Court.

## II.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can

25-11701              Opinion of the Court                    5

be no substantial question as to the outcome of the case." *Groen-dyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review *de novo* whether the Board failed to give reasoned consideration to an issue. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019).

### III.

In general, a noncitizen seeking review of an immigration judge's decision must file a notice of appeal with the Board within 30 days of the decision. 8 C.F.R. §§ 1003.3(a)(1); 1003.38(b). By the deadline, the noncitizen must file with the Board a notice of appeal as well as all other required documents. *Id.* § 1003.3(a)(1). When a noncitizen is represented by an attorney, these required documents include the EOIR-27 form, which is the attorney's notice of appearance before the Board. *Id.* § 1003.3(a)(3). The EOIR-27 form directs that an attorney must file a separate form for each party she represents and warns that failure to properly complete the form may result in the Board rejecting the appeal. The Board has the authority to summarily dismiss an untimely appeal. *Id.* § 1003.1(d)(2)(i)(G).

The Board treats the deadline for filing a notice of appeal of an immigration judge's decision as a claim-processing rule that is subject to equitable tolling. *Matter of Morales-Morales*, 28 I. & N.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

Dec. 714, 716–17 (BIA 2023). To be entitled to equitable tolling, a litigant generally must show that he "diligently" pursued his rights but some "extraordinary circumstance stood in his way." *Ruiz-Turcios v. U.S. Att'y. Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) (citation modified).

The petitioners seek review of the Board's decision dismissing their appeal. They argue that the Board failed to give reasoned consideration to their request for equitable tolling. They say that the Board failed to consider their evidence of due diligence, which included their attorney's attempts to contact the Board after the initial notice of appeal was rejected.

The Board was required to give reasoned consideration to the petitioners' motion seeking equitable tolling. *See Hamilton v. U.S. Att'y Gen.*, 138 F.4th 1312, 1323 (11th Cir. 2025). To determine whether the Board gave the motion reasoned consideration, we ask "whether the Board considered the issues raised" in the motion and "announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021) (citation modified). In reviewing the petitioners' motion, the Board was required to "consider all the evidence submitted," but it did not need to "address specifically each piece of evidence." *Ali*, 931 F.3d at 1333 (citation modified). We have recognized that the Board fails to give reasoned consideration to an issue when it "misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its

decision which are unreasonable and which do not respond to any arguments in the record." *Jathursan*, 17 F.4th at 1372 (citation modified).

Here, the government is clearly correct, as a matter of law, that the Board gave reasoned consideration to the petitioners' request for equitable tolling. The substance of the Board's decision shows that it heard and thought about the request for equitable tolling and then rejected it. In its decision, the Board discussed the attorney's declaration and explained why her explanation failed to establish that equitable tolling was warranted. Even if the Board did not separately discuss the other evidence that the petitioners submitted, we can tell from its decision that it considered all the evidence submitted. Because the government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary denial of the petition for review.[3]

**PETITION DENIED.**

---

[3] Along with its motion for summary disposition, the government filed a motion to stay the briefing schedule. We DENY this motion as moot.