[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10529

_____

Agency No. A087-342-641

LUIS GUILLERMO PIESCHACON QUIJANO,
MARIA CECILIA PARRA LOPEZ,
GABRIELA AMEZQUITA PARRA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 22, 2018)

Before WILSON and BLACK, Circuit Judges, and SCHLESINGER,[*] District
Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

PER CURIAM:

The parties are familiar with the facts and extensive procedural history in this case. We will therefore reference facts only as they relate to the issues and arguments on appeal.

As an initial matter, Petitioners' counsel conceded at oral argument that Pieschacon[1] has been represented by competent counsel since 2014.[2] Consequently, we need not address Pieschacon's argument that his Motion to Reconsider should have been construed as a successive motion to reopen.[3] Our review is therefore limited to a straightforward determination of whether the Board

---

[1] Petitioner Luis Guillermo Pieschacon Quijano filed the application for relief at issue in this appeal on behalf of himself and (derivatively) his wife and daughter, Petitioners Maria Cecilia Parra Lopez and Gabriela Amezquita Parra. References to the singular "Pieschacon" in this opinion may refer to all Petitioners where appropriate.

[2] Oral Argument at 18:45–18:58.

[3] Pieschacon argued in his brief that the limitation on successive motions to reopen should be tolled because the counsel who filed his initial Motion to Reopen in 2015 was ineffective. Thus, by conceding he has had competent counsel since 2014, Pieschacon concedes the factual predicate for that argument is invalid. *See Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997) ("That concessions and admissions of counsel at oral argument in appellate courts can count against them is doubtlessly true."). But even if the argument were not conceded, it would fail both because Pieschacon cannot demonstrate "extraordinary circumstances" prevented him from filing a timely motion and because he never presented his new theory of equitable tolling (based on his appellate counsel's alleged ineffectiveness) to the Board of Immigration Appeals (BIA). *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) ("[E]quitable tolling generally requires a litigant to show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (quotation omitted)); *see also Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) ("A petitioner has not exhausted a claim unless he has both raised the 'core issue' before the BIA and also set out any discrete arguments he relies on in support of that claim." (citations omitted)).

of Immigration Appeals (BIA) abused its discretion by denying Pieschacon's Motion to Reconsider its decision denying his Motion to Reopen. After review,[4] we conclude the BIA acted within its discretion.

Pieschacon first contends the BIA abused its discretion by denying the Motion to Reconsider on the ground that he "essentially repeat[ed] the same arguments" previously raised in his Motion to Reopen. We disagree.

A motion to reconsider is not a mechanism for alleging general error and reiterating arguments previously asserted. Nor is it a mechanism for raising new arguments that could have been raised earlier in the proceedings. Rather, a proper motion to reconsider specifies errors of fact or law in the BIA's decision, based either on the record and arguments before the Board at the time the decision was made or on new arguments that could not have been raised previously. *See Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (citing 8 C.F.R. § 1003.2(b)(1)) ("[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind. Therefore, merely reiterating arguments previously presented to the BIA does not constitute specifying . . . errors of fact or law as required for a successful motion to reconsider." (citation and quotations omitted)); *In re O-S-G-*, 24 I & N Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that

---

[4] "We review the BIA's denial of a motion to reconsider for abuse of discretion." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (quotation omitted).

could have been raised earlier in the proceedings will be denied. . . . [T]he 'additional legal arguments' that may be raised in a motion to reconsider should flow from new law or a de novo legal determination reached by the Board in its decision that may not have been addressed by the parties.").

The arguments raised in the Motion to Reconsider either were or could have been raised in previous proceedings. Thus, they were not the proper subject of a motion to reconsider. Indeed, Pieschacon's only arguments aimed directly at the BIA's decision denying the Motion to Reopen—his arguments that equitable tolling should apply and that he was prejudiced by his counsel's ineffective assistance—were essentially the same arguments raised in the Motion to Reopen.[5] Accordingly, the BIA did not abuse its discretion by denying his arguments on that basis. Likewise, the BIA did not abuse its discretion by determining that, to the extent Pieschacon attacked its 2013 decision denying his claim for ineffective assistance, his arguments were untimely.

---

[5] Pieschacon's contention that he did not argue equitable tolling in his Motion to Reopen is unavailing. He explained in his Motion to Reopen that the motion was being filed within 90 days of obtaining the "previously unavailable evidence." The obvious implication is that he believed the deadline for filing a motion to reopen should be tolled because of the "previously unavailable evidence." At a minimum, the BIA did not abuse its discretion by considering that argument as being implicitly raised in the Motion to Reopen.

Pieschacon's contention that the BIA's decision did not reflect "reasoned consideration" also lacks merit.[6]  The standard for determining whether the BIA has exercised "reasoned consideration" is clear under our precedent:

> A reasoned-consideration examination . . . . looks to see whether the agency has considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.  Yet, while the agency is required to consider all evidence that a petitioner has submitted, *it need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented*.  Ultimately, the agency does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record.

*Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018) (emphasis added) (quoting *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 803 (11th Cir. 2016)).  The BIA's written decision satisfies that standard.

As explained above, the BIA did not abuse its discretion by determining the arguments in Pieschacon's Motion for Reconsideration either essentially reiterated arguments previously considered or were untimely.  The BIA's decision acknowledged Pieschacon's challenge to its prior conclusions with respect to equitable tolling and prejudice, and the decision further explained why the BIA was rejecting those arguments—namely, because they were not a proper basis for

---

[6] We review de novo claims of legal error, "including claims that the BIA did not provide reasoned consideration of its decision." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

reconsideration under its precedent.  The BIA's explanation, under the circumstances, was sufficient for this Court to "perceive that [the BIA] has heard and thought and not merely reacted."  *Id.* (quoting *Jeune*, 810 F.3d at 803).

Finally, to the extent Pieschacon's petition for review challenges any decision other than the BIA's January 19, 2016, decision denying his Motion to Reconsider, we dismiss the petition for lack of jurisdiction.[7]  *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[7] "We review our subject matter jurisdiction de novo."  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).