[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14552
Non-Argument Calendar
_____

Agency No. A072-185-838

SHANEELA MEMON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 15, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Shahneela Memon petitions for review of the Board of Immigration Appeal's (BIA) order denying her motion to reconsider its earlier denial of her motion to reopen her removal proceedings. Memon argues that she was entitled to equitable tolling on her motion to reopen and that the BIA relied on an incorrect factual determination, regarding her marriage, in concluding that she was not so entitled. After a review of the record and the parties' briefs, we affirm.

Memon, a Pakistani native, arrived in New York without valid entry documents in February 1992. Three years later, an Immigration Judge (IJ) ordered her to be excluded and deported based on the fraudulent passport she used to enter the country. Memon made a motion to reopen her exclusion proceedings and stay her deportation, which was ultimately denied. Twenty years later, in 2015, she filed a second motion to reopen her proceedings, this time arguing that the she was the beneficiary of an approved I-130 petition for an undocumented immigrant relative (made on her behalf by her husband, who is now a United States citizen) and could, therefore, apply for adjustment of status. She acknowledged that her motion to reopen was untimely, but argued that it was subject to equitable tolling for extraordinary circumstances because she suffered from a mental illness.

The IJ denied the motion, because, among other things, it was both time and number barred, and because Memon failed to present new, material facts that were unavailable at the time of her original hearing. She appealed to the BIA, adding

2

the argument that her due process rights were violated because she was prejudiced

by the denial, which she alleged was based on her mental condition.  The BIA

affirmed the IJ's decision and denied her motion to reconsider; she now appeals

that denial.

We review the BIA's decision to deny a motion to reconsider for an abuse of

discretion, determining "whether the exercise of discretion was arbitrary or

capricious."  *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013)

(internal quotation marks omitted).  Generally, a petitioner may file only one

motion for reconsideration of any prior decision and only one motion to reopen

removal proceedings.  INA § 240(c)(6)(A), 8 U.S.C. § 1229a(c)(6)(A); INA

§ 240(c)(7)(A); 8 U.S.C. § 1229a(c)(7)(A).  These motions are subject to 90-day

deadlines that are non-jurisdictional and subject to equitable tolling.  *Avila-Santoyo*

*v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362–64 (11th Cir. 2013) (per curiam).

Moreover, the IJ and the BIA may also exercise discretionary, sua sponte authority

to reopen or reconsider any case regardless of the 90-day deadline.  8 C.F.R. §

1003.2(a).  However, a decision based on that discretionary authority is

unreviewable, unless the petitioner raises a constitutional challenge.  *Butka v. U.S.*

*Att'y Gen.*, 827 F.3d 1278, 1283–85 (11th Cir. 2016).  Finally, this court may not

review a decision by the BIA if there is an alternative holding that supports

3

dismissal, because such review would amount to rendering an advisory opinion. *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290 (11th Cir. 2014).

Here, the BIA did not abuse its discretion in denying Memon's motion to reconsider. Memon's motion was both time and number barred, thus, absent equitable tolling, we are constrained by statute. *See Avila-Santoyo*, 713 F.3d at 1362–64. As an initial matter, Memon's argument that the BIA relied on an "incorrect factual determination" regarding her marriage is a mischaracterization of its ruling. Memon claims that the BIA determined that her marriage was an "after acquired benefit" following her original exclusion order, which she argues is an erroneous conclusion because she and her husband had been married long before then. But the "after acquired benefit" the BIA was referring to was her husband becoming a United States citizen *after* her original exclusion order, not the marriage itself.

Thus, Memon's only other argument could, at best, be construed as a challenge to the BIA's determination that she failed to show extraordinary circumstances to warrant equitable tolling. *See Ruiz-Turicos v. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) (explaining that equitable tolling applies when the petitioner can show that she has pursued her rights diligently *and* that some extraordinary circumstance prevented a timely filing). But because the BIA determined equitable tolling was inapplicable on alternative grounds—not only

4

because of a lack of extraordinary circumstances, but also because of her failure to exercise due diligence—her petition must be denied under *Malu*.  *See* 764 F.3d at 1290–91 (barring advisory opinions).

Finally to the extent that Memon also challenges the BIA's decision declining to reconsider its decision not to exercise its sua sponte authority to reopen her proceedings, we lack jurisdiction to review that purely discretionary claim absent colorable constitutional challenges.  *See Butka*, 827 F.3d at 1283–85. Thus, in this regard, her petition should be dismissed.

**PETITION DISMISSED IN PART, DENIED IN PART.**