[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12575
Non-Argument Calendar
_____

Agency No. A070-857-489


CHIUNG HSIA CHANG,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 1, 2019)

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

More than twenty years after receiving an *in absentia* removal order, Chiung

Chang seeks review of the order of the Board of Immigration Appeals (BIA) that

denied her third untimely motion to reopen deportation proceedings and rescind the removal order.  Chang, proceeding through her third attorney, argues that the BIA abused its discretion when it denied her motion because she is entitled to equitable tolling of the filing deadline based on her due diligence and her prior attorneys' ineffective assistance of counsel.

As we approach the twenty-third anniversary of Chang's *in absentia* deportation order, it is only appropriate that we begin this opinion by reaffirming the following legal principle: "Motions for reopening of immigration proceedings are disfavored . . . ."  *INS v. Doherty*, 502 U.S. 314, 323 (1992).  We reiterate that "[t]his is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Id.*

For the reasons that follow, we deny Chang's petition for review.

## I.   FACTS

Chang is a native and citizen of Taiwan who was admitted into the United States on September 1, 1992, as a non-immigrant visitor with authorization to remain in the country until February 28, 1993.  In August 1993, the former Immigration and Naturalization Service issued an Order to Show Cause charging Chang as deportable for overstaying her visitor's visa and failing to comply with the conditions of her visitor's visa.

2

The Immigration Judge (IJ) scheduled a hearing for January 21, 1994, and sent notice to Chang and her first attorney, Brij Kapoor. Chang failed to appear at her deportation hearing and was ordered *in absentia* deported to Taiwan.

On February 17, 1994, Chang filed a motion to reopen, claiming that neither she nor Kapoor had received notice of the January 21, 1994, deportation hearing. Chang conceded deportability and requested a voluntary departure period of 30 days.

On May 12, 1994, the IJ denied Chang's motion to reopen. Chang appealed the decision to the BIA, and the BIA reversed and remanded the IJ's decision.

An immigration court hearing was scheduled for May 14, 1996, and notice was sent to Chang and Kapoor. Although Chang failed to appear at the scheduled hearing, Kapoor appeared on her behalf and sought a continuance. The IJ rescheduled the hearing for July 10, 1996, but Chang again failed to appear at the rescheduled hearing. Kapoor was present. The IJ ordered Chang deported *in absentia* on July 16, 1996.

Chang insists that she was unaware of the July 16, 1996, hearing date and removal order until she consulted her second attorney, Bonnie Youn, in 2003. Chang says that her first attorney, Kapoor, failed to notify her of the hearing date of July 16, 1996. On the grounds that she never received any of the deportation

3

hearing notices, Chang filed a motion to reopen on June 13, 2006. The motion was denied on August 31, 2006, but Chang did not appeal it to the BIA.

Chang asserts that, since the 2006 denial, she consulted at least ten attorneys, all of whom told her that she had no hope in reopening her removal proceedings. However, in 2016, Chang consulted her third (and current) attorney, Lucy Lu. On February 9, 2017, Chang filed a motion to reopen the 1996 *in absentia* removal order, alleging ineffective assistance by her second attorney, Youn.

The motion to reopen was denied on May 17, 2017. The IJ determined that Chang did not diligently pursue her ineffective-assistance claim and strongly rejected Chang's claim that Youn was ineffective, finding the making of such a claim "inexcusable given the record."

On appeal to the BIA in August 2017, Chang asserted that both Youn and her *first* attorney—Kapoor—rendered ineffective assistance of counsel.

On October 25, 2017, the BIA denied Chang's appeal. The BIA determined that the IJ did not err in denying Chang's untimely and successive motion to reopen. The BIA also rejected Chang's argument that that she never received notice of her 1996 hearing, because notice to Kapoor as her counsel constituted notice to Chang. Likewise, the BIA rejected her claims—raised for the first time on appeal—that Kapoor's counsel was ineffective.

On January 19, 2018, Chang filed with the BIA her third motion to reopen on the basis of ineffective assistance of counsel.  Her arguments echoed those made in the second motion.[1]  The BIA denied the motion to reopen on May 22, 2018. In doing so, the BIA declined to revisit Chang's ineffective assistance claim against Youn or her argument she did not receive notice of her 1996 deportation hearing because it had previously considered and rejected those arguments.  The BIA determined that Chang did not demonstrate due diligence when she waited twenty years to pursue ineffective assistance of counsel claim against Kapoor.

Chang now petitions for review of the BIA's most recent denial.

## II.    DISCUSSION

"We review the BIA's denial of a motion to reopen for abuse of discretion." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  This review is limited to whether the BIA's exercise of its administrative discretion was arbitrary or capricious.  *Id.*  Unless the BIA's exercise of its discretion was arbitrary or capricious, we will deny the petition for review.

We first find that the BIA did not abuse its discretion when it declined to revisit Chang's ineffective-assistance claim against her second attorney or Chang's contention that she did not receive proper notice of her 1996 hearing because the

---

[1] The BIA found that Chang's third motion "reiterate[d] – almost verbatim – the allegations presented in her previous motion to reopen before the Immigration Judge."

5

BIA previously considered and rejected those arguments. *See INS v. Jong Ha Wang*, 450 U.S. 139, 141 & n.3 (1981) (noting that motions to reopen are for the presentation of newly discovered evidence, not an opportunity to repeat previously considered and rejected arguments). Chang's third motion to reopen was essentially identical to her second motion to reopen on those issues, and the BIA was not required to re-address Chang's claims.

We now consider Chang's argument that equitable tolling should apply to her motion to reopen as it applies to her ineffective assistance claim against her first attorney.

Under the Immigration and Nationality Act (INA), an alien may generally only file one motion to reopen and must file it within 90 days of the date of the BIA's final administrative order, or within 180 days if the alien seeks reopening of an *in absentia* removal order based on "exceptional circumstances." INA § 240(b)(5)(C)(i), (c)(7)(A), 8 U.S.C. § 1229a(b)(5)(C)(i),[2] (c)(7)(A)[3]; 8 C.F.R.

---

[2] 8 U.S.C. § 1229a(b)(5)(C) addresses rescission of an *in absentia* removal order and states: "Such an order may be rescinded only--(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1)), or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien. The filing of the motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge."

[3] "An alien may file *one* motion to reopen proceedings under this section, except that this limitation shall not apply so as to prevent the filing of *one* motion to reopen described in subparagraph (C)(iv)." 8 U.S.C. § 1229a(c)(7)(A) (emphasis added).

6

§ 1003.2(c)(2).[4]  The 90-day time bar on motions to reopen "is a non-jurisdictional claim-processing rule subject to equitable tolling."  *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1364 (11th Cir. 2013) (en banc).  "Typically, equitable tolling of a time deadline requires a showing that the litigant (1) has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way."  *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018) (citation and quotation marks omitted).

To say that Chang has failed to pursue her rights diligently is a gross understatement.  Chang was issued a removal order in 1996.  After receiving the 1996 order, Chang waited *ten years* to file her first untimely motion to reopen and then waited *another eleven years* before filing her second untimely motion to reopen.  All together, Chang's prolonged periods of inaction total *more than twenty years*.  These delays alone provide sufficient grounds to deny Chang's petition because she utterly failed to prove that she has been pursuing her rights diligently.  *See Lin*, 881 F.3d at 872.  And we are unpersuaded by Chang's assertion that, between 2006 and 2016, she "consulted at least 10 attorneys in the United States trying to figure out a solution and all of those attorneys told her that she had no

---

[4] "[A] party may file *only one motion to reopen* deportation or exclusion proceedings (whether before the Board or the Immigration Judge) and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2) (emphasis added).

7

hope in reopening her removal proceedings." "Pursuing her rights diligently" does not allow for a decade of attorney shopping until Chang found the legal answer she wanted.

Moreover, even if Chang *had* diligently pursued her claims, she has failed to demonstrate any extraordinary circumstance that entitles her to equitable tolling. Although she argues her first counsel's supposed ineffective assistance qualifies her for relief, her ineffective-assistance claim is meritless.

While the facts underlying a claim of ineffective assistance of counsel "may serve both as a basis for equitable tolling and for the merits of his motion to reopen, the standards for establishing equitable tolling and ineffective assistance of counsel are distinct." *Ruiz-Turcios v. U.S. Att'y. Gen*., 717 F.3d 847, 851 (11th Cir. 2013). To establish ineffective assistance of counsel, a litigant must show that "her counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that [she] was unable to reasonably present [her] case." *Dakane v. U.S. Attorney General*, 399 F.3d 1269, 1274 (11th Cir. 2005) (citations omitted).

Chang cannot establish ineffective assistance of counsel because she has not demonstrated that Kapoor's representation was deficient. *Id*. To the contrary, the administrative record shows that Kapoor provided adequate representation. We revisit the relevant facts related to Kapoor's performance as counsel: Chang was

first ordered deported *in absentia* in 1994 for failing to appear at her deportation hearing. Chang filed a motion to reopen because, she said, neither she nor Kapoor had received notice of the deportation hearing.[5] The IJ denied the motion to reopen, and Chang appealed. Kapoor then *won* the appeal to the BIA, postponing Chang's deportation. In 1996, when Chang again failed to appear at her scheduled deportation hearing, Kapoor appeared on her behalf and sought a continuance. The IJ granted the continuance and rescheduled the hearing for a later date. But Chang also failed to appear at the rescheduled hearing. Kapoor was present and again represented Chang despite her absence.[6] Based on these facts, we conclude that Kapoor provided adequate and competent counsel.[7]

Because she did not pursue her rights diligently and did not show that any extraordinary circumstance stood in her way, Chang is not entitled to equitable tolling of the 90-day deadline for motions to reopen. We will not allow Chang to continue her attack on Kapoor's representation—more than twenty years later and

---

[5] Chang also requested a voluntary departure period of 30 days and conceded deportability, but did not voluntarily depart.

[6] To be clear: nothing in the record indicates that Chang's failure to appear at any hearing was "due to [her] attorney's errant instruction." *Cf. Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). Chang argues that Kapoor failed to notify her of the hearing dates, a claim that Kapoor strenuously denies. Kapoor insists that he made efforts to contact Chang, but those efforts were unsuccessful. Regardless, the BIA correctly rejected Chang's argument because Chang failed to show "any error with [Kapoor's] representation, much less prejudice, given the record as well as former counsel's thorough refutation of [Chang's] deficient representation allegations[.]"

[7] We note that Chang's 2006 untimely motion to reopen did not allege that Kapoor's representation was ineffective.

for the first time on appeal to the BIA—as a means of further delaying her immigration proceedings.  *See Doherty*, 502 U.S. at 323.

## III.    CONCLUSION

After more than twenty years, Chang is not entitled to equitable tolling or to relitigate claims the agency has already considered.  We thus conclude that the BIA did not abuse its discretion when it denied Chang's third untimely motion to reopen.

**PETITION DENIED.**