[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-13949
Non-Argument Calendar

————————————————

Agency No. A078-409-213

RAMID JOSE MEDINA-VALIENTE,
MARIELA COLMENARES-MEDINA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(June 26, 2020)

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Ramid Medina-Valiente and Mariela Colmenares-Medina (collectively, "the Medinas") seek review of the Board of Immigration Appeals's ("BIA") denial of their motion to reopen removal proceedings, pursuant to 8 C.F.R. § 1003.2(c)(1). The Medinas argue that (1) the BIA failed to afford reasoned consideration to the issue of whether the statutory deadline for filing their motion to reopen should have been equitably tolled, and (2) they were entitled to equitable tolling.

We review our own subject-matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We lack jurisdiction to review the BIA's decision unless the petitioners have exhausted all administrative remedies available to them. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). Petitioners fail to exhaust all administrative remedies regarding a specific claim when they neglect to raise that claim before the BIA. *Id.* This requirement is not "stringent." *Id.* It merely requires the petitioners to have previously argued the "core issue" now on appeal before the BIA, as well as to have set out any discrete arguments supporting the claim. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (quotation marks omitted). Although they are not required to "use precise legal terminology" or present a well-developed argument supporting their claim, the petitioners must "provide information sufficient to enable the BIA to review and correct any errors below." *Id.* (quotation marks omitted). The exhaustion requirement precludes review of a claim that was not presented to the

2

BIA even where the BIA elected to address the issue *sua sponte*. *Amaya-Artunduaga*, 463 F.3d at 1250-51.

We generally review for abuse of discretion the denial of a motion to reopen. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001). Aliens must file a motion to reopen their removal proceedings within 90 days of the date of the final administrative order of removal, subject to several statutory exceptions. Immigration and Nationality Act ("INA") § 240(c)(7), (C), 8 U.S.C. § 1229a(c)(7), (C). We have held that the deadline is also subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362-64 (11th Cir. 2013). Aliens who move to reopen proceedings based on new evidence must show that the evidence (1) is material, (2) was unavailable at the time of the original hearing, and (3) could not have been discovered or presented at the original hearing. 8 C.F.R. § 1003.2(c)(1). To show that they are eligible for equitable tolling, litigants must demonstrate both that they have "been pursuing [their] rights diligently," and "some extraordinary circumstance stood in [their] way." *Ruiz-Turcios v. U.S. Atty. Gen.*, 717 F.3d 847, 851 (11th Cir. 2013) (quotation marks omitted).

The BIA may also, in its discretion, at any time, reopen removal proceedings or reconsider earlier decisions pursuant to its *sua sponte* authority. 8 C.F.R. § 1003.2(a). We have held that we lack jurisdiction to review the BIA's denial of a motion to reopen based on its *sua sponte* authority because 8 C.F.R.

3

§ 1003.2(a) provides no meaningful standard against which to judge the BIA's exercise of its discretion. *Lenis v. U.S. Atty. Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008). We have also stated that we lack jurisdiction to review legal claims related to the BIA's denial of a motion to reopen proceedings *sua sponte*. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285-86 (11th Cir. 2016). However, we retain jurisdiction to review nondiscretionary grounds for the denial, including that the motion to reopen was time-barred, as well as "challenges to the legal reasoning offered by the BIA." *Bing Quan Lin v. U.S. Atty. Gen.*, 881 F.3d 860, 871 (11th Cir. 2018).

Claims that the agency failed to give reasoned consideration to an issue or applied the wrong legal standard in making a determination are questions of law that we review *de novo*. *Jeune*, 810 F.3d at 799. In a reasoned-consideration examination, we look to whether the agency has "consider[ed] the issues raised and announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id*. at 803 (quotation marks omitted and alterations in original). "[T]he agency does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id*.

Here, the petitioners never raised the issue of whether the statutory deadline for filing the motion to reopen should have been equitably tolled, so the BIA could not have failed to give reasoned consideration. *Jeune*, 810 F.3d at 803. The BIA did not misstate the contents of the record and never had the opportunity to fail to adequately explain its rejection of logical conclusions or to fail to provide justifications for an unreasonable decision. *See id.*

For the same reason, we lack jurisdiction to consider the Medinas' underlying claim that they were entitled to equitable tolling, as they did not raise it before the BIA. In other words, they failed to exhaust their claim that they were entitled to equitable tolling. Instead, petitioners requested the BIA to exercise its *sua sponte* authority to reopen despite their untimeliness, which we also lack jurisdiction to review. 8 U.S.C. §1252(d)(1); *see Lenis v. U.S. Att'y Gen.*, 525 F.3d at 1294.

Accordingly, we dismiss the Medinas' petition for review to the extent that they argue that they were entitled to equitable tolling, and we deny the petition with respect to their argument that the BIA did not afford reasoned consideration to the issue.

**DISMISSED IN PART and DENIED IN PART.**

5