[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10991
Non-Argument Calendar

_____

Agency No. A099-377-742


DAMILOLA ADEKUNLE ADELOYE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 8, 2020)

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Damilola Adeloye seeks review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen the immigration court's *in abstentia* order for his removal based on ineffective assistance of counsel. Adeloye argues that, although his motion was untimely, the BIA erred by declining to equitably toll the 180-day filing deadline due to the exceptional circumstance of ineffective assistance of counsel. Because we conclude Adeloye did not exercise due diligence in bringing this issue before the BIA, we deny Adeloye's petition for review.

**I.**

Adeloye is a native and citizen of Nigeria who entered the United States without inspection on or around November 2000. On April 30, 2001, Adeloye's first wife filed an I-130 petition on his behalf. The two divorced in 2002, and the United States Citizenship and Immigration Services denied that I-130 petition on January 29, 2007.

The Department of Homeland Security ("DHS") initiated removal proceedings against Adeloye on July 13, 2007, by filing a notice to appear before the immigration court in Atlanta, Georgia. In the notice to appear, DHS stated that the Immigration and Nationality Act § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), authorized Adeloye's removal as an "alien present in the United States without being admitted or paroled" by an immigration officer. On November 15, 2007, the immigration court mailed a notice of hearing to Adeloye, scheduling his master

calendar hearing for January 29, 2008. On January 17, 2008, Adeloye's attorney, David Goren, filed a motion to change venue from Atlanta to Baltimore, Maryland, where Adeloye resided at the time with his fiancé. In that motion, Adeloye admitted the allegations of fact in the notice to appear, conceded he was removable under Section 212(a)(6)(A)(i), and stated he was planning to marry a United States citizen. On January 22, 2008, the immigration judge denied Adeloye's motion to change venue, stating Adeloye had submitted no proof of residence and had no prima facie ability to adjust his status. Neither Adeloye nor Goren appeared at the January 29, 2008, master calendar hearing, and the immigration judge issued an *in abstentia* order for Adeloye's removal to Nigeria.

Adeloye filed his first motion to reopen the *in absentia* order and to change venue on July 24, 2008. He alleged that he did not appear at the master calendar hearing because he did not receive notice of the immigration court's denial of his motion to change venue in time to attend. He also stated that he had married a United States citizen on July 18, 2008, and thus was eligible to adjust his status. Adeloye attached to that motion his new wife's I-130 petition and his own affidavit in which he stated that he did not receive notice that his motion to change venue had been denied because he "failed to keep in touch with [his] attorney" and Goren could not reach him to tell him that he must appear. The immigration judge denied that motion on August 18, 2008, stating that (1) Adeloye's motion to reopen was untimely filed,

3

(2) his wife's I-130 petition was incomplete, (3) his wife failed to file an I-485 application or provide proof that Adeloye would be eligible to adjust his status, and (4) the court would otherwise deny the motion in its exercise of discretion because Adeloye's "apology" in the attached affidavit did not excuse his failure to appear at the master calendar hearing and the court was not convinced that he would follow its orders in future proceedings.

The USCIS approved Adeloye's second wife's I-130 petition on July 29, 2013. Adeloye then retained a new attorney and filed a new motion to reopen and change venue on February 14, 2014, citing the approval of the I-130 petition. The immigration judge denied that motion on December 30, 2014, because (1) Adeloye filed the motion over six years after entry of the removal order, far exceeding the 180-day deadline; (2) he is allowed only one motion to reopen *in abstentia* proceedings under 8 C.F.R. § 1003.23(b)(4)(ii), thus this second motion was numerically barred; (3) he failed to establish that the first I-130 petition filed on his behalf was approvable when filed, as required by INA § 245(i) and *Matter of Butt*, 26 I. & N. Dec. 108, 110-11 (BIA 2013); and (4) he failed to prove exceptional circumstances warranting the court's exercise of its *sua sponte* authority to reopen his case under 8 C.F.R. § 1003.23(b)(1). Adeloye filed a timely notice of appeal with the BIA on January 28, 2015. The BIA dismissed that appeal on July 11, 2016, determining (1) the original proceeding was properly initiated in Atlanta, (2)

4

Adeloye did not appeal the denial of his original motion to change venue, and (3) his alleged eligibility to adjust his status after approval of his wife's I-130 petition was not an exceptional situation warranting reopening of the proceedings *sua sponte*.

Adeloye filed a formal grievance against his original attorney, Goren, with the Attorney Grievance Commission of Maryland in October 2016, stating Goren had advised him not to travel to Atlanta for the master calendar hearing on January 29, 2008. The Commission requested a response from Goren on June 8, 2017. Goren responded on June 16, stating he had not violated any ethical or legal responsibilities or advised Adeloye not to attend the master calendar hearing.

Adeloye then filed a third motion to reopen with the BIA on May 9, 2019, this time based on ineffective assistance of counsel. Adeloye argued that Goren was ineffective because (1) he told Adeloye he did not have to attend the January 29, 2008, master calendar hearing and did not notify him that his motion to change venue had been denied; (2) Goren did not attend the master calendar hearing; (3) he applied the wrong legal standard in the first motion to reopen the *in abstentia* order; (4) he did not advise Adeloye that the first motion to reopen was denied in 2008, causing Adeloye to miss the deadline to appeal; and (5) it was reasonably likely that the immigration court would not have issued Adeloye an order of removal *in abstentia* had Goren not been ineffective. Adeloye further argued that ineffective assistance of counsel is an exceptional circumstance warranting equitable tolling of the 180-

5

day deadline for his motion to reopen. The BIA denied that motion to reopen on November 4, 2019. It ruled that, although Adeloye did comply with the procedural requirements for alleging an ineffective assistance of counsel claim under *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), he did not exercise due diligence in bringing that claim. Accordingly, the BIA concluded equitable tolling was not warranted. Adeloye now petitions this Court for review of that denial.

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion and limit our review "to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (citing *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007); *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1148 (11th Cir. 2005) (*overruled on other grounds by Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357 (11th Cir. 2013) (en banc))). Adeloye bears a heavy burden in proving arbitrariness or capriciousness because motions to reopen in the context of removal proceedings are particularly disfavored. *Zhang*, 572 F.3d at 1319.

Adeloye erroneously argues (1) the BIA should have equitably tolled the deadline for his third motion to reopen because he exercised reasonable diligence in bringing his ineffective assistance of counsel claim and (2) the BIA failed to consider his long history of diligently pursuing his claim, the fact that any lapses in diligence

6

were due to ineffective assistance of counsel, and his personal history and lack of criminal record when making its decision. The Attorney General responds that (1) the BIA correctly declined to equitably toll the deadline for Adeloye's third motion to reopen because he failed to demonstrate reasonable diligence in filing it and (2) Adeloye's arguments on appeal fail to explain his delay in filing the third motion to reopen.

We address each argument in turn.

First, the BIA did not abuse its discretion by declining to equitably toll the deadline for Adeloye's third motion to reopen. An alien may file a motion to reopen an *in absentia* order of removal either (1) within 180 days of the order, if he can demonstrate his failure to appear was due to "exceptional circumstances;" or (2) at any time, if he can establish he did not receive proper notice of the removal proceedings. 8 U.S.C. § 1229a(b)(5)(C). The 180-day deadline for a motion to reopen based on exceptional circumstances is subject to equitable tolling. *Avila-Santoyo*, 713 F.3d at 1364-65. "[E]ligibility for equitable tolling is a threshold showing that must be made before the merits of the claim or claims underlying a motion to reopen can be considered." *Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 851 (11th Cir. 2013). To establish equitable tolling is warranted, a movant typically must prove both "(1) that he has been pursuing his rights diligently, and (2) that

7

some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

We cannot say that the BIA abused its discretion when it declined to equitably toll the 180-day deadline for Adeloye to file his third motion to reopen. Adeloye filed his third motion to reopen on May 9, 2019, more than eleven years after the immigration judge's final decision ordering his removal *in abstentia*, five years after retaining new counsel, and more than two years after filing a complaint with the Attorney Grievance Commission of Maryland regarding his original counsel's representation. On appeal, Adeloye argues this delay was due to (1) the amount of time it took the Commission to resolve his complaint and (2) the amount of review and research needed to bring an ineffective assistance of counsel claim. Because Adeloye did not present either argument before the BIA, he has failed to exhaust his administrative remedies and this Court lacks jurisdiction to hear them. *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *see also Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).

But even if Adeloye had made those arguments to the BIA, neither excuse would have compelled the BIA to toll the period. First, Adeloye did not need a decision from the Commission before he could proceed with a motion to reopen based on ineffective assistance of counsel. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988) (requiring a movant asserting ineffective assistance of counsel

8

in his motion to reopen to first (1) inform former counsel of the allegations, (2) allow former counsel an opportunity to respond, and (3) "if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not"). Second, Adeloye has not described with any specificity how waiting over two years after filing his grievance with the Commission to file this third motion to reopen demonstrates diligence. We have stated that "waiting more than three years to seek to set aside [a] deportation order after the means to challenge that order became available does not demonstrate diligence." *United States v. Watkins*, 880 F.3d 1221, 1226 n.2 (11th Cir. 2018). And a party seeking equitable tolling on the basis of ineffective assistance of counsel must still "explain why [he] waited that long." *Id.*

Here, Adeloye waited more than two years to file his third motion to reopen after the means to challenge the *in abstentia* order became available and gives no persuasive explanation for this delay. Rather, he merely states his "claim of ineffective assistance of counsel required obtaining a volume of records and a performing a substantial amount of research," requiring his new attorney to engage in a "thorough review of the records and Attorney Grievance Committee's findings." But taking over two years to review records and conduct research is in no way, as Adeloye asserts, "required to present a responsible claim." At best, this delay is

9

excusable neglect, and "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Finally, the BIA did not abuse its discretion by not considering Adeloye's history of pursuing his claim, whether any lapses in diligence were due to ineffective assistance of counsel, or his personal history and lack of criminal record when making its decision. Adeloye cites no law to support his argument that these "numerous equities all merit consideration of his Motion to Reopen." Rather, he argues that, "[e]ven assuming, arguendo, that the Motion to Reopen Based on Ineffective Assistance of Counsel had not been diligently filed," the BIA should have equitably tolled the 180-day filing deadline anyway. Adeloye had already filed one timely motion to reopen based on his failure to appear, which was addressed and denied on the merits. The BIA therefore did not exercise its discretion in an arbitrary or capricious manner by declining to equitably toll the period for him to file a third motion to reopen.

## III.

For the foregoing reasons, Adeloye's petition for review is **DENIED**.

10