[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10508
Non-Argument Calendar

_____

Agency No. A201-233-584

SHIEKH AMODOU NYANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 22, 2021)

Before JILL PRYOR, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Shiekh Nyang petitions for review of the order of the Board of Immigration

Appeals ("BIA") denying his second motion to reopen his removal proceedings

("second motion") based on claims of ineffective assistance of counsel, which he filed pursuant to the Immigration and Nationality Act ("INA") § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A).  He argues that the BIA failed to give reasoned consideration to his equitable tolling argument and his ineffective assistance of counsel arguments raised in support of his second motion.  After reading the parties' briefs and reviewing the record, we grant the petition for review.

**I.**

Shiekh Nyang is a native and citizen of Gambia who claims that he entered the United States in 1996 on a B-2 visa with his mother and brother when he was five years old.  Nyang's mother, father, and brothers all live in the United States, as do his wife and son, who was born in 2010.  Nyang has been married since 2015 to Chanel McCormick, a United States citizen.  In March 2011, the Department of Homeland Security issued him a notice to appear ("NTA"), charging him as removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), for being an alien present in the United States without being admitted or paroled.

Nyang failed to appear at his removal hearing, and an Immigration Judge ("IJ") ordered him removed *in absentia*.  In November 2018, Nyang, through counsel, filed his first motion to reopen, conceding that he had received notice of the removal hearing via his counsel.  The first motion also contended that Nyang was eligible for adjustment of status, relief under a pending I-130 petition by his

citizen spouse, and relief under a previously filed E-42B application. The first motion claimed that Nyang missed the April 2016 hearing due to erroneous instructions from his GPS and advice from a bus driver. The first motion asserted that Nyang's sincere error in arriving late to the hearing and his depression constituted exceptional circumstances that provided grounds for reopening. The first motion contained an ostensibly self-written and signed letter by Nyang's wife that she had left Nyang because of their homelessness and unemployment status. The letter noted that Nyang had appeared at all hearings prior to this one, and the letter contained misspellings of Nyang's first name.

The IJ denied the first motion, noting that it had been untimely filed because it was filed more than 180 days after the date of the removal order. The IJ also concluded that, regardless of timeliness, Nyang failed to demonstrate exceptional circumstances to justify why he missed his hearing. Specifically, in a footnote, the IJ noted that the first motion explained Nyang's failure to appear at the hearing, but it also stated that unsworn attorney statements do not constitute new evidence and are not entitled to any evidentiary weight. (R. at 304.) The IJ further concluded that Nyang failed to show *prima facie* eligibility for the underlying relief that he sought because, in part, he had failed to attach his applications for adjustment of status and cancellation of removal to the first motion. The IJ also reasoned that it would be difficult for Nyang to rely on potential hardship to his wife as an avenue

3

for cancellation of removal, due to his admission that he and his wife were separated. The IJ concluded that Nyang had not shown *prima facie* eligibility for the relief sought and denied the motion to reopen.

Nyang appealed the IJ's decision to the BIA with the assistance of the same counsel who filed the first motion on Nyang's behalf. The appellate brief reiterated the arguments made in the first motion, and counsel filed supplemental evidence in support of the first motion, including an affidavit from Nyang's mother, his mother's driver's license, and Nyang's school records. In June 2019, the BIA affirmed the IJ's denial of the first motion and expressly adopted the IJ's reasons. The BIA noted that Nyang had submitted new evidence, but it declined to consider it.

In July 2019, Nyang, proceeding *pro se*, filed a "motion to reopen *sua sponte in absentia* removal proceedings" ("second motion"). (*Id.* at 127-42.) Nyang argued that he was entitled to equitable tolling of the statute that precluded him from filing an untimely and successive motion to reopen on the grounds that he was diligently pursing his rights and his prior counsel rendered deficient performance. Specifically, Nyang argued that his counsel had been ineffective for failing to file timely his first motion, despite her representation that she would file a motion to reopen immediately after the IJ entered its *in absentia* removal order. Nyang claimed that he did not learn of his counsel's failure to file timely a motion

4

to reopen until June 2019 when he received a copy of his case file from counsel. Nyang asserted that it was at this time that he learned of all the deficiencies his counsel had committed. Nyang noted that he had filed a complaint against his prior counsel with the State of Georgia Bar Association in July 2019, and he attached a copy of this complaint to his second motion. Nyang also attached an affidavit attesting to the facts on which he based his claims of ineffective assistance. (*Id.* at 155-60.)

The BIA denied the second motion, primarily on the basis that it was "number-barred" because Nyang already had filed multiple motions to reopen. (*Id.* at 2-4.) Alternatively, the BIA noted that Nyang had failed to show that he was entitled to reopening because, although it assumed the truth of Nyang's assertion that his counsel did not inform him of the April hearing date, Nyang failed to demonstrate sufficient prejudice because the IJ had personally informed him of the hearing date. The BIA further declined to reopen so that Nyang could pursue various forms of discretionary relief because it had "rejected this argument in [its] prior decision and discern[ed] no reason to reach a different result here." (*Id.* at 3.) The BIA assumed the truth of Nyang's allegations regarding the allegedly forged letter but found that the forged letter would not likely have changed the result and, thus, did not demonstrate prejudice. The BIA characterized the letter as not material on the issue of reopening because it was evidence submitted on appeal

5

that was not new and previously unavailable.  Thus, the BIA declined to *sua sponte* reopen Nyang's proceedings.

## II.

Generally, we lack jurisdiction to review decisions of the BIA that are purely discretionary, which includes the decision not to reopen a case *sua sponte*.  *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018).  On the other hand, where the BIA's denial of a motion to reopen is based on nondiscretionary grounds, such as a finding that a petitioner's motion is number-barred, we have the power to review the basis for the denial, even where the BIA also declines to reopen proceedings *sua sponte*.  *Id.* at 870-71.

"We review the [BIA's] denial of a motion to reopen removal proceedings for abuse of discretion." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (quoting *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007) (per curiam)).  "This review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id*.  Where a petitioner challenges the BIA's nondiscretionary grounds for denying a motion to reopen, we must affirm if the BIA's decision is based on reasoned consideration and shows that the BIA made adequate findings to support its decision.  *Lin*, 881 F.3d at 871-72.  However, absent reasoned consideration and adequate findings, we will remand for further proceedings.  *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019).

6

We review *de novo* claims of legal error, including whether the BIA expressed reasoned consideration for its decision. *Lin*, 881 F.3d at 872.

### III.

In petitioning for review, Nyang argues that the BIA failed to give reasoned consideration to his equitable tolling and ineffective assistance of counsel arguments when it denied his second motion. First, Nyang contends that the BIA denied the second motion as number-barred without considering his argument that his previous counsel's ineffective assistance in filing his first motion equitably tolled this limitation. Second, he asserts that the BIA did not understand his ineffective assistance of counsel claim and, therefore, could not have given it reasoned consideration. Third, he claims that the BIA failed to give adequate weight to the fraudulent letter and misstated the record in its analysis on this point.

An alien may move to reopen his removal order. 8 U.S.C. § 1229a(b)(5)(C), (c)(7)(A). Aliens are limited to one motion to reopen per *in absentia* removal order. *Cisneros v. U.S. Att'y Gen.,* 514 F.3d 1224, 1227–28 (11th Cir. 2008). When ordered removed *in absentia*, an alien must file a motion to reopen removal proceedings within 180 days of the agency's final decision, but this statute is subject to equitable tolling. 8 U.S.C. § 1229a(b)(5)(C); *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362-65 (11th Cir. 2013) (*en banc*). While we have not specifically considered and held whether the one-motion rule is a

7

non-jurisdictional claim processing rule subject to equitable tolling, we have expressly suggested that it is such a rule and would be subject to equitable tolling. *See Ruiz-Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 850 (11th Cir. 2013). Equitable tolling requires a showing that (1) the litigant has been diligently pursuing his rights, and (2) an extraordinary circumstance stood in his way. *Id.* at 851. The BIA has the discretion to deny reopening even where the movant has made a *prima facie* case that reopening would otherwise be appropriate. 8 C.F.R. § 1003.2(a), (c). Going beyond the numerical and time bars, the BIA may deny a motion to reopen where it determines that, despite the alien's statutory eligibility for relief, he is not entitled to a favorable exercise of discretion. *See Lin*, 881 F.3d at 872–73.

In rendering its decision, the BIA is not required to discuss every piece of evidence presented if it has given reasoned consideration and made adequate findings. *Ali*, 931 F.3d at 1333-34. The BIA must leave us with the conviction that it heard and thought about the case and did not merely react. *Id.* at 1333 (quotation marks omitted). To meet this burden, the BIA is required to discuss "highly relevant" evidence, which we have defined as that evidence which would compel a different outcome if discussed. *Id*. at 1334. We have held that the BIA's analysis is sufficient to show reasoned consideration when it lists the basic facts of the case, refers to relevant statutory and regulatory authority, and accepts several

grounds on which the IJ denied the petitioner's motion to reopen. *Lin*, 881 F.3d at 874-75. On the other hand, the BIA fails to give reasoned consideration to a claim when it "misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id.* at 874 (quoting *Jeune v. U.S. Atty' Gen.*, 810 F.3d 792, 803 (11th Cir. 2016)).

## IV.

After reviewing the record, we conclude that whether or not Nyang is ultimately entitled to relief on the merits of his second motion, the BIA did not give reasoned consideration to his arguments in support thereof. First, the BIA denied the second motion on the basis that it was number-barred without addressing Nyang's arguments that this number-bar had been equitably tolled because of his prior counsel's ineffective assistance. Second, the BIA's discussion of potential prejudice arising from Nyang's prior counsel's failure to inform him of his missed removal hearing fails to provide any explanation as to why it rejected his other grounds for ineffective assistance of counsel—namely, his prior counsel's untimely filing of his first motion to reopen his removal proceedings and his prior counsel's failure to attach documentation in support of his applications for alternative relief. The BIA's reliance on its opinion affirming the denial of Nyang's first motion to reject his arguments in support of his second motion is also

9

misplaced, as the issue of ineffective assistance of counsel was not presented to the BIA in the first motion. Thus, the BIA's first opinion was unresponsive to the arguments presented in the second motion. Moreover, the BIA also did not address any potential prejudice arising from Nyang's prior counsel's untimely filing of the first motion.

Third, to the extent that the BIA discussed Nyang's arguments grounded in his prior counsel's alleged forgery of a letter submitted along with the first motion, it misstated the contents of the record. The BIA represented that the allegedly forged letter was (1) first submitted on appeal, and (2) not considered on its substance by the Immigration Judge ("IJ"). However, the record reflects that the letter was first submitted to the IJ as an attachment to the first motion, and it was relied upon by the IJ in a substantive manner when discussing Nyang's claims for relief.

Accordingly, we conclude from the record that the BIA misstated the contents of the record and did not respond to the arguments presented before it, thus failing to give reasoned consideration to Nyang's claims. For the aforementioned reasons, we grant the petition for review and remand this case for further proceedings consistent with this opinion.

**PETITION FOR REVIEW GRANTED**.